## VARNER, Ex'r, *vs.* BEVIL et al.

1. A will of real and personal property in this State, executed in a foreign domicil, may be admitted to probate here, although it has not been proven and recorded in the place of the testator's domicil. The statute (Clay's Dig. 598, § 12) was intended to enlarge, not to restrain the jurisdiction of our courts.

2. The testamentary disposition of real property being governed by the law of the place where it is situated, and that of personal property by the law of the testator's domicil, its validity, in respect to the capacity of the testator and the formalities necessary to give it effect, must be tested by the law of these respective jurisdictions.

3. The Orphans' Court has no jurisdiction of personal property which was at the testator's domicil in another state at the time of his death, and afterwards removed by his executor into this State.

Error to the Orphans' Court of Marengo.

BROOKS, BIRD and ELMORE, for the plaintiff:—The deceased owning lands and debts in the county where the will was propounded, which lands were devised in the will, gave the court jurisdiction.—Hyman v. Gaskins, 5 Iredell, 267; Treadwell v. Rainey, 9 Ala. 590; Clay's Digest, §§ 21-22-33, 300-301-303 ; Ib. § 10-12, 598; Ib. § 21, 300; Ib. § 22, 301 ; Ib. § 33, 303; Ib. § 12, 598; Rice v. Jones, 4 Call. 89 ; Jarman on Wills, 45; Dezezbats v. Burquiers, 1 Binny, 336. The counsel for the defendant in error said in argument that the court could grant administration *pendente lite.* This admits the *jurisdiction,* which is all we contend for. This is done only where the will is contested—if the court can take jurisdiction to grant administration for any purpose, it has jurisdiction when a will is propounded.

HENLEY and VARY, for defendants :

Varner, ex'r, v. Bevil et al.

1. The Orphans' Court is a court of limited jurisdiction, depending upon the extent of the legislative grant for the existence of its powers.—Leavens v. Butler, 8 Port. 396.

2. The legislature has not granted the power to the Orphans' Court of this State to take the first probate of the original paper or will of a deceased citizen of another State who had his residence, domicil and property in that other State, and who made and published his last will and testament at his domicil and died, there. The Orphans' Court of this State has not original jurisdiction of such original paper or will.—Clay's Dig. 596, § 1; Ib. 598, §§ 10-13; Ib. 300, § 21; Ib. 303, §§ 31-33.

3. By our statutes express and ample provision is made to carry into effect the wills of deceased citizens of other States, concerning property devised by such wills in this State; and also for the wills of itinerant persons and of persons who had no known place of residence in this State, but who died and whose wills have been proved in another State.—Clay's Dig. 598, §12; Ib. 227, § 31.

4. If it becomes necessary that a will made in another State should be admitted to probate in this State, it must first be admitted to probate in the State of the testator's domicil at the time of his death, and a duly authenticated copy must then be transmitted and proved and deposited as an original will.—Clay's Digest, 598, § 12; 1 Lomax on Ex'rs, 117, n. 6-7; Ib. 118, n. 10-11-12-13; Ib. 120, n. 14; Toller on Ex'rs, 71; 1 Jarman on Wills, 5; Hyman v. Gaskins, 5 Ired. R. 267.

5. The will must be governed by the laws of the country of the domicil of the deceased. If invalid by those laws, it will be invalid here.—Lomax on Ex'rs, 114-15-16, n. 1-2-3-4; Story Confl. L. 394-5; 4 Johns. Ch. R. 460-469; 1 Mason 381 and cases cited, 408, n.; 3 Cranch, 324; 2 Harr. & John. 193-224. It is the probate which establishes the will as the personalty.—1 Lomax on Ex'rs, 125, § 10. And it is the law respecting wills in every State that the will of its deceased citizen shall be admitted to probate in the proper Probate Court of that State; and if not admitted to probate in that court, neither the executor nor legatee can derive any right under the will.—Pinkerton v. Walker & Wife et al., 3 Hay. Rep. 221. Hence it follows as a general rule, that the proper Probate Court in the country or state of which the deceased was a citizen and resident at the

time of his death, has the exclusive right and jurisdiction to take the first probate of the original will, that its validity may be properly tested and established. It is the duty of the executor to present the will in that court for probate. He cannot, in violation of his duty, deprive that court of its right and jurisdiction and confer it on another court.

6. There is a broad distinction between an administrator and an executor in this—the administrator derives his power and interest in the estate of the deceased from the appointment of the court, but the executor derives his power and interest from the testator's will. His *title* is derived from the will, and his powers are as great as those of his testator.—2 Black. Com. 510. And all the authorities seem to concur that the *will must be established in the court having the jurisdiction of the testamentary paper at the death of the deceased*, else the probate is either void or voidable, according to the circumstances of the case.—Toller on Ex'rs, 53-73-72; Lomax on Ex'rs, 90-120; Embry v. Milla, 1 Marsh. 304.

CHILTON, J.—The question presented for our consideration is, whether the will of Samuel Varner, which was made and published in the county of Octibbeha, in the State of Mississippi, and in which county the said deceased was domiciled at the time of his death, can be admitted to probate in the Orphans' Court of Marengo county, in which his real estate and a small portion of his personal estate are situated, before any action is taken in respect of the will in the State of Mississippi? The court below determined that it had no jurisdiction to admit the will to probate in this State, and dismissed the application of the plaintiff in error propounding it.

The statutes of this State make no express provision for cases of this kind. They authorise authenticated copies of wills, proved according to the laws of any of the United States, and which embrace or concern property within this State, to be proved and recorded subject to be contested and controverted, as the original will might be if offered.—Clay's Dig. 598, § 12: And provision is also made for suits by foreign executors or administrators, but nothing is said as to the Orphans' Court admitting a will to probate which embraces both personal and real estate made by a citizen of another State, before it has been

proved in the country of the testator's domicil. We must then recur to the general law as recognised by the code of international comity, for the rules which must guide us in arriving at a correct conclusion. Mr. Lovelass states it as a well settled principle of the law, that the descent of real property is governed by the law of the place where the land is situated, but that personal property *follows the person*, and with respect to its transmission either by succession or the act of the party, becomes subject to the law of the place where the owner is at the time being *domiciled;* that the owner in any country may dispose of his personal property, wherever it may be, in a manner authorised by the law of that country, and when he dies it is not the law of the country in which the property is, but the law of the country in which he was domiciled that will regulate the succession. Whatever contrariety of opinion may formerly have existed upon the point, it is now the established doctrine both in this country and in England, that the disposition by will of personal property, to be valid anywhere, must be valid by the law of the testator's domicil.—Graham v. Johnson, 3 Ves. 198; Story's Confl. of Laws, § 481, and the numerous authorities there cited; Holmes v. Remsen, 4 Johns. Ch. R. 460 ; S. C. 20 Johns. R. 229; Shultz v. Pulver, 3 Paige, 182; Story's Confl. Laws, § 465; Stanley v. Bernes, 3 Hagg. Eccles. Rep. 373; S. C. 5 Eng. Eccles. Rep. 140. In this last mentioned case, it was held by the High Court of Delegates, reversing a decision of Sir John Nickoll, that a natural born British subject may acquire a foreign domicil, and that the *animus revertendi* and claim to be considered and treated as a British subject did not preserve his original domicil—that if domiciled abroad, he must conform in his testamentary acts to the formalities required by the *lex domicilii.* Judge Story says there is no difference between cases of succession by testament and intestacy, which principle was first asserted by the Supreme Court of Pennsylvania, in Dezezbats v. Berquiers, 1 Binny Rep. 336, and which he holds may be considered as of universal authority here, § 468; see, also, Barnes, adm., v. Brashear, 2 B. Monroe, 380. On the other hand, the doctrine is equally as well established that in respect of immovable property, the testamentary disposition of it must conform to the law of the place where the property is situated, both as respects the power and capacity of the testator

and the forms and solemnities required to give the will effect.—
Story's Confl. L. § 474, and authorities there cited. In Barnes,
adm., v. Brashear et al. *supra*, it was held by the Supreme
Court of Kentucky that a certified copy of a nuncupative will,
purporting to pass property in Kentucky, but which was proved
and recorded in the state of Mississippi, was not sufficient to
show that such will had been executed and proved as the laws
of Kentucky required. The court say, "When the use of
such a will as cannot be effectual here, unless made according
to our local law, becomes necessary as evidence here of a tes-
tamentary right, a probate in a foreign forum may authorise
a copy to be proved and admitted to record in this State, but
such copy, however certified, is not *per se* any evidence of the
valid execution of the will." See, also, Carmichael against El-
mindorf, 4 Bibb's Rep. 484. If this be the correct rule of law,
and a devise of land will not be effectual unless the same be
executed according to the law of the place where the land is
situated, it could subserve no real purpose first to require the
will to be proved according to the law of the domicil before it
can be admitted to probate here.

Our statute, which provides for the probate in our courts of
authenticated copies of foreign wills which have been proved
according to the laws of any of the U. States, or of any country
out of the limits of the United States, was not designed to deny
to our courts jurisdiction over the probate of the original will
made in a foreign country, but disposing of property situated
here. It but enlarges the jurisdiction of the court, enabling
the parties to make the contest upon an authenticated copy of a
foreign will, proved according to the law of the domicil, in the
same manner they might have done upon the original. It could
not have been intended by the legislature in authorising copies
to be proved, to affirm that the originals, which furnished the
better evidence, should not be allowed to be proved or contested.
This would be to reverse the rule of law which gives the pre-
ference to the primary over secondary evidence.

It appears in this case that the negroes belonging to the estate
were in Mississippi at the time the testator died, and have been
removed here by the executor since his death. Now in regard
to such property, we are clear that the Orphans' Court of this
State has no jurisdiction. The executor cannot change the fo-

rum in which he will litigate questions respecting the succession by his wrongful act in removing the property. But in respect of the land situated in this State, as also the personal property which was in Marengo county at the time of the testator's death, the court has jurisdiction to prove the will. It results from what we have already said, that as to the land in this State, the will must conform to our law both as to the capacity of the testator and the formalities required to render it valid, but as to the personal property situate here at the time of the death of the testator, its validity must be tested by the *lex domicilii*.

The Orphans' Court having rejected the application for probate *in limine*, its sentence is reversed and the cause remanded, that proceedings may be had conformably herewith.