No. 46.—John Jordan and Wife *et al.* plaintiffs in error, *vs.* Benjamin H. Cameron, defendant.

[1.] The bare fact that the negroes in dispute are inherited from the ancestor of the parties, is not sufficient of itself to entitle them to go into Equity, for a specific delivery of the property.

[2.] If the bill makes a proper case for discovery, and the Courts of Common Law have not already obtained jurisdiction, it will be retained for the purpose of administering the relief consequent upon the discovery sought.

[3.] A will more than fifty years old—proven and recorded in the proper office—is admissible as an ancient paper or document, notwithstanding the probate is defective; provided, possession has been held of the property under and by virtue of said will.

In Equity, in Troup Superior Court. Tried before Judge Hill. May Term, 1852.

This bill set forth the following facts: In 1798, Sion Smith, of Washington County, died testate; leaving a negro woman, named Jane, to his wife for life, and at her death, the negro and her increase, to be equally divided among his five children, or among such of them as should survive their mother, and the children, if any, of such as should die before her.

This will was proven, and admitted to record in the Court of Ordinary of Washington County, and letters testamentary were issued thereupon.

The probate of the will was based on the following affidavit of one of the subscribing witnesses: " Georgia, Washington County. Frederick Cooper being duly sworn, saith that he believes he signed his name at the last of the within instrument of writing. Signed, Frederick Cooper. Sworn to, before me, this 26th day of April, 1799.          J. Higpen, J. P."

Mrs. Smith died in 1851, by which time, the descendants of the negro, Jane, had increased to over fifty, and the complainants in this bill, are the heirs, assignees and representatives of the five children of Sion Smith. The bill charges, that the defendant, Cameron, is in possession of some thirty of these ne-

groes; that complainants do not know their names, value or number, and therefore must resort to the conscience of defendant, for a discovery. The bill prays for such discovery, and for the delivery or the negroes with hire, &c.

Defendant demurred to this bill, on the ground that the complainants have a complete remedy at Law. Because, the probate of the will of Sion Smith is not sufficient, and because there are not proper parties to the bill. The demurrer was sustained, and the bill dismissed; to which complainants excepted.

Cole & Bigham, for plaintiffs in error.

Bull & Ferrell, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

Sion Smith died at the end of the last century, leaving a will, which was proven and admitted to record, on the 26th of March, 1799, in Washington County, in this State. By his will he bequeathed a negro woman, Jane, and her increase, to his wife, Elizabeth Smith, for and during her life, and at her death, to be divided equally between her children, or the legal representatives of the children; provided, any of them had died in the lifetime of their mother, leaving children; and if any of them died without children, before their mother, then to the survivors.

The widow lived till 1851. The descendants of Jane amount to some forty or fifty in number; and this bill is filed by the remainder-men, as their legal representatives, to recover some twenty or thirty of these negroes, from Benjamin H. Cameron, of Troup County.

A demurrer was filed to the bill, on several grounds.

*First*—Because there was no equity in the bill.

*Second*—Because the complainants have a full, complete and adequate remedy at Law.

*Third*—Because a portion of the complainants are not the

Jordan and Wife *vs.* Cameron.

legal representatives of the testator, under the will; and consequently, not entitled to the discovery or relief sought.

This ground has been abandoned, upon a more careful examination of the bill.

Another ground of demurrer has been argued before this Court, which does not appear from the record to have been occupied in the Court below—namely : that due and sufficient probate of the will of Sion Smith, was not shown by complainants, upon the face of their bill, and of the exhibits attached thereto.

The only questions discussed before us, are—

[1.] Whether the allegation in the bill, that the negroes sued for are family slaves—viz : were owned by the ancestor of complainants is sufficient to entitle the complainants—to go into Equity for a specific delivery of the property ?

[2.] We are not prepared to go thus far ; nor is it necessary, in the present case, to decide this point, as we are clear, that the bill makes a case which entitles the complainants to discovery and to the relief consequent thereon. Perhaps the averments in the bill, as to the necessity of resorting to the conscience of the defendant for proof, are not so strong as they should have been. It might be amended, in this respect.

[3.] As to the sufficiency of the probate of the will, conceding that it is not proven, in accordance with the provisions of the law, and we are satisfied that it is not, still, being an ancient will, more than fifty years old, and coming out of the proper office, where it had been recorded, and possession having followed the instrument, it is enough to admit it as an ancient paper. An old will, even when it appeared not to be proven and worded as the law directed, was allowed to be read as evidence—as an ancient deed—although actual possession did not follow and accompany the will. *Jackson vs. Laraway*, 3 *Johns. Cas.* 292. And a will, when thirty years had elapsed, was allowed to be read as evidence, when the possession had been held under it for twenty-seven years. See, also, *Giddings, Wife and others vs. Smith and others*, 15 *Vermont Rep.* 344.