## Doe, *ex dem.* Pope *v.* Pickett.

*Ejectment by Remainder-men against Purchaser from Tenant for Life.*

1. *Recorded survey ; mistake in description of land ; admissibility of parol evidence to correct.* — In ejectment by devisees in remainder, against a purchaser from the tenant for life, the lands having been surveyed and divided among the devisees, under the authority of the will ; the survey so made accurately describing the lands, except in the designation of the quarter-section in which they were situated, using the letters *S. E.* instead of *N. E. ; held,* that parol evidence was admissible to show the mistake in the recorded survey, even conceding to it the same effect as if made under proceedings for partition, and to identify the lands sued for as those embraced in the survey.

2. *Execution and attestation of will ; what law governs.* — To make a will operative to pass real estate, it must be executed and attested according to the laws of the place in which the lands are situated. A will, executed in Georgia, in 1840, and there probated, will not convey lands in Alabama, unless it is shown that the attesting witnesses subscribed their names in the presence of the testator, as required by the Alabama statute then in force.

3. *Record and probate of foreign will.* — A will, executed in Georgia, in 1840, and there probated, but not in such manner as to make it effectual to pass real estate situated in Alabama, if subsequently admitted to record here, without further proof, has no effect as a recorded conveyance ; but, on presentation of a copy of the will and its probate, duly certified, to the proper court here, the deficiences of the Georgia probate may be supplied by proof taken before that court, and the will then becomes effectual to pass the lands.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

[Doe v. Pickett.]

This action was brought by the appellants, who were the children of Mrs. Mildred Holcombe, and the grandchildren of George R. Clayton, deceased, to recover a tract of land in Montgomery, which the plaintiffs claimed as devisees in remainder under the will of the said George R. Clayton, and which was in the possession of the defendant, who held under mesne conveyances from Mrs. Mildred Holcombe and her husband. In consequence of the rulings of the court on the trial, rejecting the plaintiffs' evidence, they were compelled to take a nonsuit, with a bill of exceptions; and they now move to set aside the nonsuit, and assign as error the several rulings of the court below to which they reserved exceptions. The opinion states the material facts of the case.

R. M. WILLIAMSON, P. T. SAYRE, and E. J. FITZPATRICK, for appellants.

WATTS & TROY, with HERBERT & MURPHEY, contra.

B. F. SAFFOLD, J. — In ejectment by the appellants against the appellee, the plaintiffs proceeded to show title in themselves as follows: They are the children of Mrs. Holcombe, deceased, who was the daughter of George R. Clayton. The land in controversy is a portion of the *north*-east quarter of section thirteen, township sixteen, range seventeen, situated in Montgomery county. Clayton held the United States patent, issued to him in 1825, for the quarter section. He was a citizen of Georgia, and died in that State, in 1840. He bequeathed his property to his children, in such manner that they were authorized and enjoined to divide it amongst themselves. For this purpose, he empowered the minor ones to select whom they preferred to represent them. The shares of his daughters were devised to them for life, with remainder to their children, respectively. His will was probated in the inferior court of Baldwin county, Georgia, sitting as a court of ordinary, in October, 1840. A copy of it, with the probate thereof attached, duly authenticated, was simply recorded in the orphans' court of Montgomery county, Alabama, on the 15th of June, 1841. In November, 1846, it was regularly probated in Montgomery county. Transcripts of these two records from the present probate office were introduced as evidence, subject to objections to be afterwards made. The devisees divided the land among themselves, upon a survey made of it by Emerson, at the instance of the executors. An exemplification of this survey, which had been recorded in the probate court of Montgomery county, was introduced as evidence. It represented the land surveyed to be a portion of the *south-east quarter* of section

[Doe v. Pickett.]

thirteen. The testimony of several witnesses, with much other evidence, was offered, to prove that the survey actually made by Emerson was in the *north*-east quarter ; and also, independently, that the land in controversy was set off to Mrs. Holcombe, as lot No. 7, in the division made by the devisees, in 1842, of a portion of the north-east quarter of section thirteen, as the property of Geo. R. Clayton, devised to them ; and that Mrs. Holcombe went into possession of it, under the division, and so remained until 1845, when she and her husband sold it to E. S. Dargan. The court excluded all of this testimony, as parol evidence intended to vary or contradict the recorded survey. The defendant claims under title derived from Dargan.

The plat of Emerson's survey, with the division of the land made in reference to it attached, seems simply to have been presented, by some one interested, to the clerk of the orphans' court, for record. If we give to this record all the force and effect, as evidence, of the record of the partition of land required to be made in Clay's Digest, p. 388, § 8, its defects and discrepancies are not beyond amendment by parol testimony. In *Saltonstall* v. *Riley & Dawson* (28 Ala. 164), discrepancies in the description of land sold under order of the court, occurring in the petition, order of sale, report of sale, and commissioners' deed, were held not to invalidate the sale, when enough appeared to show that the land sold and conveyed was comprehended in the description contained in the petition and order of sale ; but parol evidence was admissible to fix the boundaries of the portion sold, according to the data furnished by the deed. In the present case, the parol testimony confirms the survey in every respect, save only the expression of the quarter of the section. The section, township, and range, the roads and the objects, the lots and the assignment of them, and the person at whose instance the survey was made, all correspond. It would be a cramped rule of law, indeed, which, to preserve the verity of records, or the solemnity of writings, would give to a single letter the power to sacrifice the act and intention and property it was designed to preserve. There is only the difference of the letter S, and the parol testimony shows that the decedent Clayton had no property to which it, with the further description, could apply. The difficulty of describing land by sections and their subdivisions, without mistake, is generally known. The court erred in excluding the parol testimony identifying the land.

The appellee insists, that error in the above respect is without injury, because the probate of the will of Clayton in Georgia is too defective to pass real estate in Alabama, and there was no evidence in Alabama of a less estate in Mrs.

[Mobley v. Leophart.]

Holcombe than she conveyed to Dargan, which ought to charge her with notice of the appellants' claim. We will not consider the effect of any of the testimony further than is necessary to decide upon its competency. The probate made of the will in Georgia does not show that the witnesses subscribed their names in the presence of the devisor. Without such subscription, the devises could not be sustained in this State. Clay's Digest, p. 596, *Wills*, § 1. The law of the *situs* of real estate controls its testamentary disposition. *Varner* v. *Bevil*, 17 Ala. 286. The transcript of the record made in the orphans' court of Montgomery county, in 1841, is not admissible in proof of the will. Being a record only of a copy of the will, it was recorded without authority, and cannot have the effect of a recorded conveyance. The probate of the will made here in 1846 is sufficient. An authenticated copy, proved according to the law of Georgia, was presented. The deficiency of the Georgia probate was supplied by the testimony taken here. It therefore appears of record, in our own court, that the will was executed and proved as required by our law to sustain a devise. Clay's Dig. p. 598, § 12; Ib. 596, § 1; U. S. Const. art. 4, § 1; Act of Cong. 26th May, 1790. The transcript of this record is admissible evidence.

The judgment is reversed, and the cause remanded.