[Dickey *et al.* v. Vann *et al.*]

# Dickey *et al. v.* Vann *et al.*

## *Application for Probate of Will.*

1. *Nature of proceeding.*—An application for the probate of a will is in the nature of a proceeding *in rem*, operating upon the thing itself, and determining its *status;* and it becomes a proceeding *inter partes*, only when parties litigant intervene, and an actual contest ensues.

2. *Failure to give notice to parties in interest* —When the court has jurisdiction of the particular case, the failure to give notice to the widow and next of kin, or other party entitled to notice, does not render the judgment void, but is a mere irregularity for which it may be avoided by the proper proceeding.

3. *Same; constitutional guaranty of due process of law.*—In such case the party who, though entitled to notice, was not notified, may move the court to set aside the judgment as irregular and improvident; or he may have himself made a party by petition, and sue out an appeal; or he may contest the validity of the will by bill in chancery (Code, § 2336); and having these several legal remedies for the protection of his rights, it cannot be said that the judgment deprives him of his property " without due process of law."

4. *What law governs will.*—When a will conveys real estate, it must be executed and attested in accordance with the law of the place where the property is situated, and the testamentary capacity of the testator must be determined by the same law; while the testamentary disposition of personal property is governed by the law of the testator's domicil.

5. *Ancillary probate of foreign will.*—When a will, executed in another jurisdiction, where the testator lived and died, has been admitted to probate there, ancillary probate of it may be granted here, on the production of a transcript properly certified (Code, § 2313); and neither the failure to give notice to parties in interest, nor the fact that the proof of execution and attestation, as shown by the transcript, is defective, renders such ancillary probate void.

6. *Presumption arising from lapse of time.*—The will being regular on its face and appearing to have been attested by the requisite number of witnesses, the original probate, though irregular and made on defective proof, having stood unquestioned for over forty years, all presumptions will be indulged in its favor.

APPEAL from the Probate Court of Madison.

Heard before the Hon. WILLIAM RICHARDSON,

This was an application by the appellants, William R. Dickey *et al.*, for an *original* probate of the will of William Cloud, deceased, who died in 1846, not being an inhabitant or citizen of this State, but leaving assets in Madison county. Soon after his death, in September, 1846, the will was admitted to probate by the County Court of Davidson county, Tennessee, the county of the testator's domicil. The record of the will and of the probate thereof had in the

County Court of Davidson, was filed and simply ordered to be recorded, and pursuant to said order was recorded, in the Court of Probate of Madison county, in 1852. Afterwards, in December, 1884, appellee, Cherry A. Vann, one of the heirs and legatees of the testator, presented to the Court of Probate of Madison county, a transcript of the record of the will and its probate, had in the County Court of Davidson, certified in accordance with statute (Code of 1876, § 2313), and prayed its admission to probate. And thereupon the Court of Probate of Madison county rendered a decree, admitting said will to probate and ordering the issuance of letters of administration *de bonis non* with the will annexed to one Joseph A. Brown, and reciting, among other things, that the will was attested by three subscribing witnesses (naming them), " with proof of the execution thereof," and that the testator died, seized and possessed of lands situated in the county of Madison. In accordance with this decree, Joseph A. Brown qualified and gave bond as such administrator, and letters of administration were issued to him by the Court of Probate of Madison.

It further appeared from the proof, as recited in the bill of exceptions, " that the proceedings upon the petition of Cherry A. Vann were *ex parte* and without notice to the heirs and next of kin of the testator, and that said Cherry A. Vann filed no petition or other *writ'en* application to obtain said decree made in December, 1884, said decree being made solely upon the transcript from the County Court of Davidson county, Tennessee." The will on its face, as set forth in the transcript from the County Court of said county of Davidson, appears to have been attested by three witnesses, but the certificate of probate set forth in said transcript only shows that one of the witnesses attested the will in the presence of the testator and is silent as to the other two. The County Court of Davidson county was shown to have had original and exclusive jurisdiction of wills of deceased resident testators.

The present application was filed March 23, 1885, and prayed an *original* probate of the will. It was accompanied by the original will, and proof was made, that the signature to the will was in the handwriting of the testator, and that the three attesting witnesses were dead, and what purported to be their signatures was in their handwriting, and that the testator left assets in Madison county. The appellees set up in answer to the application the said probate of the will in December, 1884, on the application of Cherry A. Vann.

From the decree of the court refusing original or other probate of the will, this appeal is taken.

[Dickey *ei al.* v. Vann *et al.*]

CABANISS & WARD, and HUMES, GORDON & SHEFFEY, for appellants.—1. The deficiency in the Tennessee probate of the will was not supplied by any testimony taken on the application by Cherry A. Vann in December, 1884.—*Joe v. Pickett,* 51 Ala. 584. Section 2313 of the Code of 1876, under which the Vann application was made, only applies to cases where the will is "duly proven" in the foreign state or country. When the transcript shows that it was so "duly proven," then the proceeding is *ex parte* and its probate cannot be contested. If the transcript, as in the present case, shows it was not so "duly proven," then the deficiency must be supplied by evidence and notice must be given. *Ward, Adm'r, v. Oats, Adm'r,* 43 Ala. 515 ; *Goodman v. Winter,* 64 *ib.* 410. In the latter case, the proceedings adopted by appellants here, were pursued and met the approval of this court.

WATTS & SON, for appellants.—1. On the death of the owner, the title to real estate vests *eo instanti* in his heirs, unless he has made a will in accordance with the laws of the *situs* of such real estate, making a different disposition of it' from that made by the law. Every presumption is in favor of the heirs. The right to make a will is given by the statute. The law of 1846, in force at the death of the testator in this case, required wills of real estate to be attested by three or more witnesses, subscribing their names thereto in the presence of the devisor.—Clay's Dig. pp. 596-7, § 1; *Varner v. Bevil,* 17 Ala. 286. A foreign probate of a will not showing a compliance with the laws of Alabama, can not affect the title to real estate in Alabama. 2. Notice to the widow and next of kin should have been given on the application of Cherry A. Vann. It is a fundamental principle of justice, that no person's property or rights of property can be affected or impaired without "due process of law."—*McCurry v. Hooper,* 12 Ala. 826; *Wilburn & Co. v. McCalley,* 63 *ib.* 436 ; *Dorman v. State,* 34 *ib.* 216 ; *Sadler v. Langham, ib.* 311 ; *Zeigler v. S. & N. Ala. R. R. Co.* 58 *ib.* 594. "To construe the statute as dispensing with notice to the persons whose rights were to be affected by the proceeding, would force the court to declare the law unconstitutional."—*Zeigler v. S. & N. Ala. R. R. Co., supra.* Notice to the heirs is essential to the valid probate of an original will in this State. The statute in force in 1846 expressly required such notice.—Clay's Dig., p. 598, § 12. This statute, and not § 2313 of the Code of 1876, governed the will in this case. The failure to give notice is not a mere irregularity, but renders the probate *void.* Since 1846, the law in reference to

the probate of foreign wills has been changed. Without notice, the court had no jurisdiction of the *person*, and facts may be shown in a collateral attack as well as in a direct proceeding, which prove that the court had no jurisdiction. *Thompson v. Whitman*, 18 Wall. 457 ; *Lamar v. Com. Ct.*, 21 Ala. 504; *Lamar v. Gunter*, 39 *ib.* 324; *Kingsberry v. Yniestra*, 59 *ib.* 320. All the cases cited by the counsel for appellees on this point, assert that notice to the heirs and widow is necessary to the validity of the probate, and in all the cases cited by him to show that the probate in 1884 is not open to collateral attack, there was evidence of notice to the next of kin. 3. The lapse of time since the original probate of the will in Tennessee can not affect this case. The probate relied upon by appellees to divest the title of the heirs, was had in December, 1884, and the present application was made in 1885. The lapse of time has no reference to proceedings in a foreign jurisdiction ; the *lex fori* must govern.

R. C. BRICKELL, *contra.*—The primary question is, was there not in the court of probate of Madison an existing probate of the will, rendering another probate unnecessary and improper, until that was reversed or revoked ? The probate had in December, 1884, is in strict accordance with the statute (§ 2313, Code of 1876), and is regular and full. The Code differs from the former statute (Clay's Dig. 598, § 12), which provided for the contest of foreign wills offered for probate here.—*Brock v. Frank*, 51 Ala. 85 ; *Ward v. Oats*, 43 *ib.* 515. There is no provision in the present statute for a contest of the will, if there has been probate in the domicil of the testator, and it is plain from a comparison of the present and former statutes, that no such contest is contemplated. The whole duty of the court is to inquire whether the will and its probate is authenticated in conformity to the requirements of the statute. 2. In the probate of wills, the jurisdiction of the court of probate is general, original and exclusive ; it is not essential that jurisdiction should be shown on the face of its proceedings, and all reasonable intendments are made in support of its decrees, when collaterally assailed.—*Herbert v. Hanrick*, 16 Ala. 581 ; *Sowell v. Sowell*, 41 *ib.* 352 ; *McGrew v. McGrew*, 1 Stew. & Port. 30 ; *Apperson v. Cottrell*, 3 Port. 51. The objection in this case, is *not* that the facts do not exist, but that they are not disclosed on the record of the court, and it does not appear they were shown to the court when the probate was taken. 3. The probate and the proceedings for the probate are *in rem*, and when notice to the heirs is required, the proceedings do not assume the form of a suit *inter partes*,

[*Dickey et al.* v. *Vann et al.*]

unless they intervene and institute a contest.—*Deslonde v. Darrington,* 29 Ala. 92 ; *Blakey v. Blakey,* 31 *ib.* 611 ; *Clements v. Paterson,* 38 *ib.* 721 ; *Leslie v. Sims,* 39 *ib.* 161. If notice be not given to the heirs, when notice is required, the probate *is not void,* nor is it subject to impeachment collaterally. The only right of the heirs, is to make themselves parties, prosecute an appeal and reverse the decree. *Lees v. Browning,* 15 Ala. 495 ; *Roy v. Segrist,* 19 *ib.* 810 ; *Stapleton v. Stapleton,* 21 *ib.* 587 ; *Lovett v. Chisholm,* 30 *ib.* 88. If the probate is *ancillary,* notice to the heirs is not required.—*Ward v. Oats* and *Brock v. Frank, supra.* There can be no reason for notice, the *factum* of the will is established by the original probate in the testator's domicil. 4. In the probate of wills, there is but little formality required.—*Jemison v. Smith,* 37 Ala. 196 ; *Marshall v. Fischer,* 1 Jones (Law), 111 ; *Harren v. Springs,* 10 Ired. 180. 5. The sufficiency of the record of the probate in Tennessee, was a question for the decision of the court of probate, when admission to probate of the authenticated transcript was asked. The court pronounced it sufficient, and the correctness of this decision can not be drawn in question collaterally.—*McGrew v. McGrew, supra; Darrington v. Borland,* 3 Port. 37 ; *Hilliard v. Binford,* 10 Ala. 983 ; *Herbert v. Hanrick, supra; Jemison v. Smith, supra.* 6. The probate in Tennessee having remained unreversed, unrevoked and unquestioned for near forty years, the fullness and regularity of it must now be presumed.—*McArthur v. Currie,* 32 Ala. 75 ; *Harrison v. Heflin,* 54 *ib.* 552 ; *Jordan v. Cameron,* 12 Ga. 267 ; *Calvert v. Fitzgerald,* Littell's Sel. Cases, 388 ; *Battle v. Holley,* 6 Green. 145 ; *Giddings v. Smith,* 15 Ver. 344. 7. There can no more be in the same jurisdiction, two separate and distinct probates of the same will, than there can be two grants of administration.—*Lancaster v. McBryde,* 5 Ired. 421.

SOMERVILLE, J.—1. The probate of a will has often been held by this court to be in the nature of a proceeding *in rem*—operating upon the thing itself and determining its *status.* Being an adjudication upon the *status* of the particular subject matter, like other judgmnets *in rem,* when pronounced by a tribunal of competent jurisdiction, it is binding upon all other courts, and as commonly said, concludes the world. It is only when there is an intervention of parties litigant, and an actual contest ensues, that it assumes the nature of a proceeding *inter partes.*—*Deslonde v. Darrington,* 29 Ala. 92 ; *Kempe v. Coons,* 63 Ala. 448 ; *Martin v. King,* 72 Ala. 354 ; *Blakey v. Blakey,* 33 Ala. 611 ; Freeman

[Dickey *et al.* v. Vann *et al.*]

on Judg. § 608; 1 Greenl. on Ev. § 550; Estoppel and *Res Adjudicata* (Herman), Vol. 1, § 293.

2. It necessarily follows from the foregoing principle that if a will be proved in a court of probate, which in this State has original, general, and unlimited jurisdiction of the probate of wills, and such court has jurisdiction of the particular case, a failure to give the requisite statutory notice to the widow and next of kin, of the application for such probate, does not render void the judgment of the court establishing the probate. In such case the judgment being designed to establish the *status* of a thing, binds the *res* even in the absence of any personal notice to interested parties.—Freeman on Judgments, §§ 606, 608. The defect is a mere irregularity rendering the judgment voidable at the instance of any person entitled to, and failing to receive such notice, his remedy being to move the Probate Court to set aside its improvident judgment of probate, or to procure himself to be made a party to the proceeding by petition, and sue out an appeal, or to file a bill in chancery to contest the validity of the will within the time prescribed by section 2336 of the present Code (1876) of Alabama. *Hall v. Hull*, 47 Ala. 290; *Goodman v. Winter*, 64 Ala. 410; *Lovett v. Chisholm*, 30 Ala. 88; *Le's v. Browning*, 15 Ala. 495; *Roy v. Segrist*, 19 Ala. 810; *Stapleton v. Stapleton*, 21 Ala. 587; *Brock v. Frank*, 51 Ala. 85; Code, 1876, §§ 2336, 2376; *Satcher v. Satcher*, 41 Ala. 26.

3. Nor has it ever been supposed, as suggested by counsel, that there was wanting in these established modes of judicial proceeding that "due process of law" guaranteed by our constitution to every person, and without which he can not be deprived of his property. These are the settled rules and modes applicable to that particular class of proceedings *in rem* to which this case belongs, and are deemed amply sufficient for the protection of the rights of all whose interests may be threatened with prejudice for want of notice before the rendition of the original judgment declaring the *status* of the will. With these modes of redress open before him it can not be said that any person is without his day in court.—*Ex parte McDonald*, 76 Ala. 603; 1 Greenl. Ev. § 518; Freeman on Judg. §§ 606-8, 611–12; 1 Herman's Estoppel, § 293.

4. We can not see that this rule is varied where a foreign will, or one admitted to probate in another State, is admitted to probate in a court of competent jurisdiction in this State, on a properly certified copy of the record, verified in accordance with section 2313 of the Code of 1876, even where the devise made by it is of real property. The pro-

bate of the will of William Cloud in this case, which is sought to be collaterally attacked, was made under this statute, and purports to affect realty, situated in Madison county in this State. It is true that a will, in order to convey real property, must be executed and attested in accordance with the law of the State where the property is situated. So, likewise, as to the testamentary disposition of this particular kind of property, the *lex loci rei sitæ* also governs as to the power and capacity of the testator, while, as to personal property, the *lex domicilii*, or law of the testator's domicil, prevails.— *Varner v. Bent*, 17 Ala. 286; *Brock v. Frank*, 51 Ala. 85. Nor can it be denied that the statute which was in force in this State, at the time of the testator's death in 1846, is to govern in this case, requiring, as it did, that the testator should have been twenty-one years of age, and that his will should have been signed by him, and attested by three, instead of two witnesses as under our existing statute, who must have signed their names in his presence.—Clay's Dig. § 1, p. 596.

5. The probate of Cloud's will relied on by the appellee's counsel is the one made by the Probate Court of Madison county, in this State, on December 5th, 1884. This was allowed on a certified transcript of the County Court of Davidson county, Tennessee, a tribunal which is shown to have had original and exclusive jurisdiction of the probate of the wills of deceased resident testators. No reliance is placed upon the fact that a transcript of the foreign probate of the will was filed and recorded in the Probate Court of Madison county in the year 1852. This alone is admitted to be immaterial and without any legal efficacy in its bearing on the questions arising for decision in this case.—*Pope v. Pickett*, 51 Ala. 584. The will on its face appears to have been attested by three witnesses, as required by the laws of this State at the time of the testator's death. The certificate of proof, as made by the Tennessee court, is admitted to be defective, as it appears in the transcript, in failing to show that each of the three witnesses attested the instrument in the presence of the testator. It is now contended that the decree of the Madison county Probate Court, of December 5th, 1884, which was made without notice to the next of kin, was absolutely void, for want of jurisdiction, and can be collaterally assailed. The statute, it is said, permits an ancillary probate of a foreign will on a certified transcript, where the testator was a non-resident, only where it appears that such will was "duly proved" in the court of the State where the probate was made.—Code of 1876, § 2313. The proof of the execution here is defective,

in failing to show that all of the attesting witnesses signed in the presence of the testator. It has been more than once held in this State, that an ancillary probate of a will under this statute could be made without giving any notice of the proceeding to the widow or next of kin, the statute being construed not to require it.—*Brock v. Frank*, 51 Ala. 85 ; *Ward v. Oates*, 43 Ala. 515. This principle, however, we do not deem of essential importance in this case. The proceeding, as we have said, being one *in rem*, the failure to give notice, however erroneous, does not render the probate void, so as to subject the judgment of the court to collateral attack. One of the very questions submitted to the Probate Court of Madison county was, whether the will of Cloud was shown to have been duly proved by the attesting witnesses at the time of the probate in the Tennessee court. In other words, it was called on to pronounce upon the sufficiency of the transcript as evidence to prove the validity and due authentication of the original probate.—*Goodman v. Winter*, 64 Ala. 410 ; *Brock v. Frank*, 51 Ala. 85. As observed in *Brock v. Frank, supra* : " When this ancillary probate is sought, no question arises except as to the validity and authentication of the original probate. If that was granted by a tribunal of competent jurisdiction, and it is properly authenticated, the ancillary probate must be allowed." The evidence may not have been sufficient to justify the finding of the Probate Court. Its judgment, based on such evidence, may have been erroneous. But it cannot be reviewed in the manner here attempted. It is not void, and cannot be collaterally attacked. It is conclusive upon all concerned, even upon those having no notice of the proceeding, until set aside in some legitimate mode.

6. We might go further if necessary, and decide, that, in view of the testator's will appearing regular on its face — seeming to have been attested by the requisite number of witnesses—the defective probate will be deemed to have been cured by great lapse of time, having stood unquestioned for over forty years. No reason is perceived why the presumption, *omnia rite acta*, will not apply in a case of this kind.—*Jemison v. Smith*, 37 Ala. 185, 196 ; 2 Redfield on Wills, 37–38 ; *Giddings v. Smith*, 15 Vt. 344 ; *Jordan v. Cameron*, 12 Ga. 267 ; 1 Greenl. Ev. § 21 ; *Matthews v. McDade*, 72 Ala. 377 ; *Gosson v. Ladd*, 77 Ala. 223.

The probate of the will in controversy, which was made on December 5th, 1884, not being void, to say the least, no second probate of the same instrument in the same tribunal could properly be effected. The petition of the appellants,

[Markland v. Albes.]

filed for this purpose, was therefore rightly disallowed and dismissed.

Judgment affirmed.