## John Yore v. Mary Cook and the Estate of Ellen E. Yore, Deceased.

1. PERSONAL PROPERTY—*What Does Not Change Character of.*—That a particular fund was derived from real estate as the result of the condemnation of, and payment for such real estate, does not affect its character when received in money by the original owner of the land, although the condemnation proceedings are still pending in the Supreme Court on appeal.

2. SAME—*Distribution of, is According to Law of Deceased's Domicile.*—Personal property is distributed in accordance with the law of the testator's domicile.

3. SAME—*What Does Not Change Character of.*—The fact that personal property is held in trust by a party living in this State for the benefit of a person living in another State does not change its character or *situs*, nor does the fact that it may be taxed here; it is still personal property descendible in accordance with the law of the domicile of the beneficial owner.

Yore v. Cook.

In Probate.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

## STATEMENT OF THE CASE.

This is an appeal from a judgment of the Circuit Court reversing an order of the Probate Court.

The point involved concerns the distribution of a certain asset of $14,044 in the hands of the executor of the last will of Ellen E. Yore. The Probate Court found " that distribution of the assets of the estate of Ellen E. Yore, deceased, should be according to the statutes of the State of Illinois." This finding was reversed by the Circuit Court, it finding that the asset in question should be distributed in accordance with the laws of Michigan. The facts submitted to the court were as follows:

Ellen E. Yore died testate, without issue, July 3, 1893; John Yore, the appellant, is her surviving husband, and the domicile of both was, at the time of her death, in St. Joseph, Michigan. On April 6, 1893, the Circuit Court of Cook County, Illinois, rendered a judgment of condemnation in favor of the sanitary district of Chicago, and awarded the sum of $16,802.50 to the owners of and persons interested in certain lands. The judgment also required the sanitary district to deposit this sum with the Globe National Bank of Chicago, for the benefit of the owners and persons interested, and subject at all times to the further order of the court. The appeal of the sanitary district was allowed therefrom on the filing of the usual appeal bond for $1,000, which was duly filed. The judgment also permitted the district to take possession upon filing a bond of $50,000.

On the 3d of May, 1893, the court, among other things, found that Ellen E. Yore was the owner in fee of certain of the lands described in the judgment of April 6, 1893, and it appearing to the court that she had filed her bond in court in the sum of $10,000 to the sanitary district to protect it from loss in the event of a less sum being finally awarded Ellen E. Yore, the court ordered the Globe National Bank to pay her or her order the sum of $16,802.50.

On April 26, 1893, Ellen E. Yore, being at the time in Chicago, signed a letter to Mr. E. B. McCagg, of Chicago, that "in consideration of his signing her bond" to enable the withdrawal of the said sum of $16,802.50 from the bank, she agreed "that said money should be paid to you," Mr. McCagg, "to be held by you until said suit," the condemnation suit, "is finally determined, and all appeals or new trials entirely disposed of and finally settled, except that you may and are hereby authorized to pay out prior to such final determination such costs, expenses and attorney's fees as may be O-K'd by me in writing."

On May 3, 1893, while still in Chicago, she signed another letter to Mr. McCagg to invest the money held by him for her, in such securities, for such time, no longer than five years, in such amounts, upon such terms and at such rates as he might deem advisable, "you," Mr. McCagg, "to use your own discretion in all such investments and to hold all such securities to secure you against your liability upon said bond instead and in lieu of such of said money as you may invest."

In obedience to the order of May 3, 1893, the Globe National Bank delivered its cashier's check for said $16,802.50 to Ellen E. Yore, payable to her order, which she indorsed to the order of E. B. McCagg, and was indorsed by Mr. McCagg "for deposit." At the same time Mr. McCagg gave Mrs. Yore a receipt, which receipt states, "which sum has been left with me in pursuance to the letters from you, dated April 28, 1893, and May 3, 1893." Mr. McCagg paid out of this amount three bills O-K'd by Mrs. Yore for attorney fees and expenses in the condemnation suit. After the death of Ellen E. Yore, and on the 17th day of October, 1893, in the Supreme Court of Illinois, Arthur B. Wells, in the name of the appellee, Ellen E. Yore, moved to dismiss the appeal of the sanitary district from the judgment of April 6, 1893, which motion was allowed and *procedendo* awarded. The last will and testament of Ellen E. Yore, of which said Shiel was appointed executor by the Probate Court of Cook County, Illinois, among other things, provided

for the distribution of the moneys to be derived from said judgment of condemnation, and made the appellee, Mary Cook, the sole residuary legatee of Ellen E. Yore.   The letters signed by Ellen E. Yore and addressed to E. B. McCagg were signed and delivered to him in Chicago, Ill., and the cashier's check of the Globe National Bank was indorsed and delivered by Ellen E. Yore to Mr. McCagg, in Chicago.   The written requests to pay certain bills were signed by Mrs. Yore in Chicago.   All the debts of her estate have been paid; more than two years have elapsed since the probate of the last will and testament of Ellen E. Yore in the Probate Court of Cook County, Illinois, and it is agreed by counsel that by the laws of the State of Michigan, a married woman has full and absolute control of her real and personal estate with power to contract, sell, transfer, mortgage, convey, devise and bequeath the same in the same manner and with the like effect as if she were unmarried.   And that the laws of Michigan do not give the husband of a deceased wife a right to renounce the provisions of her last will and testament.

The appellant, John Yore, renounced all claim to the benefit of any devise in the last will of Ellen E. Yore, and in lieu of dower in her estate he elected to take under section 12 of the dower act of the laws of Illinois, and by reason of the lack of issue claims one-half of the personal estate as well as one-half of the real estate.

JOHN A. WATSON, attorney for appellant; LAWRENCE C. FYFE, of counsel.

ARTHUR B. WELLS, attorney for Mary Cook, appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

That the fund in question was derived from real estate, as the result of the condemnation of, and payment for, lands, does not affect its character when received in money by the deceased, and handed to Mr. McCagg.

Personal property is distributed in accordance with the law of the intestate's domicile. Kent's Commentaries, 12th Ed., Vol. 2, p. 430, 431; Russell v. Madden, 95 Ill. 485; Young v. Wittenmyre, 123 Ill. 303; Cooper v. Beers, 143 Ill. 25; Walker v. Welker, 55 Ill. App. 118.

Undoubtedly Mr. McCagg held this money in trust for its owner, Mrs. Yore, but such trust did not change its character or *situs;* it was still personal property belonging to Mrs. Yore, and therefore descendible in accordance with the law of her domicile.

Any personal property kept in this State, as horses, cows, furniture, promissory notes or money, may be, by the laws of this State, here taxed, perhaps under the present law is taxable here, but such taxation does not change the legal *situs* of such property, or affect the rule as to its distribution.

The will of Mrs. Yore, as to the character of her property, speaks as of the date of her decease; at that time the fund in question had been paid to her.

There is no evidence showing that Mr. McCagg kept the identical money, or evidence of money belonging to Mrs. Yore.

On the contrary, it appears that he paid out, at previous times, portions of the fund received by him in a cashier's check.

The subject of the *situs* and descent of personal property is so fully and ably discussed in Cooper v. Beers, 143 Ill. 25, that further comment is unnecessary.

The judgment of the Circuit Court is affirmed.