WYLLIE AMRINE, Appellant, *vs.* THOMAS R. HAMER, Appellee.

*Opinion filed June 16, 1909.*

WILLS—*a foreign will need not be probated in Illinois to pass title to land.* Under section 9 of the Wills act, which changes the common law rule, a will made in a foreign State which is executed and proven in conformity with the laws of such State is, when properly certified and recorded in Illinois, sufficient to pass title to land in Illinois, and it is not necessary that it be probated in Illinois or that it have the formalities entitling it to probate here. (*Stull* v. *Veatch*, 236 Ill. 207, followed.)

APPEAL from the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

B. O. WILLARD, for appellant:

The validity and construction, as well as the force and effect, of all instruments affecting the title to land depends upon the laws of the State where the land is situated. This rule includes wills as well as deeds, contracts and agreements, and it includes, as well, the form and mode of the execution of the will as the power of the testator to make the devise or disposition of property contained in the will. *Harrison* v. *Weatherby*, 180 Ill. 418; *Peet* v. *Peet,* 229 id. 341; *Insurance Co.* v. *Bank,* 68 id. 348; *Martin* v. *Stovall,* 48 L. R. A. 130; *Williams* v. *Jones,* 14 Bush, 418; *Bailey* v. *Bailey,* 8 Ohio, 239; *Meiggs* v. *Hoagland,* 83 N. Y. Supp. 603; *Lindly* v. *O'Reilly,* 1 L. R. A. 79; *Lockwood*

v. *Lockwood,* 2 id. 425; *Dublin* v. *Chadbourn,* 16 Mass. 433; *Key* v. *Harlan,* 52 Ga. 476.

The validity of a devise or disposition of real estate is governed by the law of the place where the land is situated, and that of a bequest or disposition of personal property by the law of the testator's domicile at the time of his death; and this includes not only the form and mode of the execution of the will, but also the power and authority of the testator to make said disposition. *Ford* v. *Ford,* 70 Wis. 19; *Staigg* v. *Atkinson,* 114 Mass. 564; *McCormick* v. *Sullivant,* 10 Wheat. 192.

A will of real property must be executed in the form prescribed by the law of the place where the property is situated. *Robertson* v. *Pickerell,* 109 U. S. 608; *Dickey* v. *Vann,* 81 Ala. 425; *Lynch* v. *Miller,* 54 Iowa, 516; *Sneed* v. *Ewing,* 22 Am. Dec. 41; *Potter* v. *Titcomb,* 22 Me. 300.

CHIPERFIELD & CHIPERFIELD, for appellee:

Under section 9 of the Statute of Wills a foreign will, or an authenticated copy thereof, proven according to the laws of the foreign State and recorded in Illinois, is "good and available in law, in like manner as wills made and executed in this State," and it is not necessary that such will be probated in Illinois before a devisee can assert title as to lands in Illinois. *Stull* v. *Veatch,* 236 Ill. 207.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill for partition filed by Wyllie Amrine against Thomas R. Hamer for the partition of certain lands located in the village of Vermont, Fulton county, Illinois. The bill recites that the real estate involved was owned by Thomas Hamer, who was the father of the complainant and defendant, and that the said Thomas Hamer died in St. Anthony, Idaho, March 30, 1906, leaving no widow but leaving complainant and defendant as his sole surviving heirs. The bill alleges that the defendant, Thomas R. Ha-

mer, in the year 1907 filed in the recorder's office of Fulton
county, Illinois, an holographic will, together with proper
certificates from the probate judge and clerk of the probate
court of Fremont county, Idaho, properly authenticating
the record of the probate of said will in the county of Fre-
mont, in the State of Idaho. It is also shown by the bill
and the probate of the will as set out therein, that the pro-
bate court of Fremont county was duly authorized by the
laws of the State of Idaho to admit such will and testament
to probate, and that the will was duly executed, proved and
admitted to record and probate agreeably to the laws and
usages of the State of Idaho, and that Thomas Elliott and
John Donaldson were, respectively, the clerk and judge of
said probate court, whose certificates appear in the bill fully
authenticating the record of the probate of said will in ac-
cordance with the laws of the United States. The will is
not witnessed as required by our statute. The defendant
answered the bill, admitting all and singular the allegations
thereof, and charged that the said will of the said Thomas
Hamer, together with proof of probate thereof and the
certificates accompanying the same, was duly recorded by
the clerk of the county court of Fulton county, in this State,
and that thereby defendant claims that the title to the real
estate involved vested in the defendant, as devisee thereof,
under the will of his father. By the will of Thomas Ha-
mer, which is set out in full in the bill, the real estate in
question was devised to the defendant, Thomas R. Hamer.
The cause was heard upon bill and answer, and resulted in
a decree dismissing the bill for want of equity, to reverse
which complainant below has appealed to this court.

The sole question presented for our consideration is
whether a will which is properly executed under the laws
of a sister State, upon a duly authenticated copy thereof
being recorded, will pass title to real estate located in Illi-
nois when such will is not executed and proven according
to the statutes of this State. No point is made in this case

as to the validity of the will under the laws of Idaho or as to the certificates by which the record thereof is authenticated for record here. There can be no question as to the common law rule upon this subject. It is, that the validity and construction, as well as the force and effect, of all instruments affecting the title of land depend upon the laws of the State or country where the land is situated. (*Harrison* v. *Weatherby,* 180 Ill. 418; *Peet* v. *Peet,* 229 id. 341.) This rule applies to wills, and it is necessary, under the general common law rule, that the will conform to the laws of the State both in its execution and proof of the same, in order to affect the title to real estate situated in such State. (Wharton on Conflict of Laws, sec. 587.) But this rule of the common law is changed by section 9 of the Statute of Wills. That section is as follows: "All wills, testaments and codicils, or authenticated copies thereof, proven according 'to the laws of any of the United States, or the territories thereof, or of any country out of the limits of the United States, and touching or concerning estates within this State, accompanied with a certificate of the proper officer or officers that said will, testament, codicil or copy thereof, was duly executed, * * * shall be recorded as aforesaid, and shall be .good and available in law, in like manner as wills made and executed in this State." Under this section of the statute a will executed and proven according to the laws of a foreign State and recorded in Illinois is "good and available in law in like manner as wills made and executed in this State." It is not necessary that such foreign wills should be probated in this State in order to pass title to real estate located here to a devisee. The case of *Stull* v. *Veatch,* 236 Ill. 207, is conclusive of the only question presented by this record.

The decree of the circuit court of Fulton county is affirmed.                                     *Decree affirmed.*