## Rutledge, et al. v. Wiggington, et al.

### (Decided October 26, 1915.)

### Appeal from Bullitt Circuit Court.

1. Wills—Attestation—Validity.—The validity of a will as to personal property is determined by the law of the testator's domicile at the time of his death, and as to real property by the law of the jurisdiction wherein it is situated.

2. Wills—Attestation.—Where two wills are presented for probate, one of which is wholly in the handwriting of the testatrix and the other is prepared by someone else and is attested by only one witness, the former is valid and the latter invalid and a judgment directing the probate of the former is proper.

T. C. CARROLL for appellants.

J. R. ZIMMERMAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Georgia A. Wiggington, a resident of Bullitt County, Kentucky, died on December 27th, 1911. There survived her two sons, E. Z. Wiggington, J. L. Wiggington, one daughter, Cora Oliver, and two grandchildren, Wiley B. Rutledge and Marguerite Rutledge, children of Mary Rutledge, formerly Mary Wiggington, deceased.

On January 21st, 1909, Georgia A. Wiggington, while temporarily residing in the State of Tennessee, wrote a holographic will. On November 26th, 1911, she had prepared another will, which she signed in the presence of one witness only. The two wills in question were offered for probate in the Bullitt County Court but both were rejected. On appeal to the Bullitt Circuit Court, the will of January 21st, 1909, was adjudged to be the last will and testament of the testatrix and ordered to be probated. The infant defendants, Wiley B. Rutledge and Marguerite Rutledge, appeal.

While there is some evidence that the testatrix was a resident of Tennessee, the weight of the evidence is to the effect that while she would occasionally make visits to her grandchildren, who were residents of Tennessee, she maintained her permanent residence or domicile in Bullitt County. On this issue of fact we see no reason to disturb the finding of the circuit court.

The validity of a will, as to personal property is determined by the law of the testator's domicile at the time of his death. Varner v. Bevil, 17 Ala., 286; Murdock v. Murdock, 81 Conn., 681; 72 Atl., 290; 129 Am. St. Rep., 231; Knight v. Wheedon, 104 Ga., 309; 30 S. E., 794; Dibble v. Winter, 247 Ill., 243; 93 N. E., 145 Davis v. Upson, 209 Ill., 206; 70 N. E., 602; Yore v. Cook, 67 Ill. App., 586; Evansville Ice, etc. Co. v. Winsor, 148 Ind., 682; 48 N. E., 592; Patterson v. Ransom, 55 Ind., 402; Hussey v. Sargent, 116 Ky., 53; 75 S. W., 211; 25 Ky. L. Rep., 315; and, as to real property, by the law of the jurisdiction wherein it is situated. Goodman v. Winter, 64 Atl., 410; 38 Am. Rep., 13; Doe v. Pickett, 51 Ala., 584; Varner v. Bevil, *supra;* Murdock v. Murdock, *supra;* Readman v. Ferguson, 13 App. Cas., 60; Frazier v. Boggs, 37 Fla., 307; 20 So., 245; Crolly v. Clark, 20 Fla., 849; Knight v. Wheedon, *supra;* Dibble v. Winter, *supra;* Amrine, v. Hamer, 240 Ill., 572; 88 N. E., 1036; Evansville Ice etc. Co. v. Winsor, *supra;* Lucas v. Tucker, 17 Ind., 41; Calloway v. Doe, 1 Blackf., 372; Lynch v. Miller, 54 Iowa., 516; 6 N. W., 740; Williams v. Jones, 14 Bush, 418. Here the domicile of the testatrix and the real estate are located in this State.

Under our statute, a will to be valid must be wholly in the handwriting of the testator, or it must be subscribed or acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in his presence. Kentucky Statutes 1909, Section 4828. The will of January 21st, 1909, is wholly in the handwriting of the testatrix and is, therefore, valid under the statute. The will of November 26th, 1911, written by someone else, is attested by only one witness and is not valid. It follows that the trial court did not err in adjudging the former will to be the last will and testament of the testatrix and in ordering same to probate.

Judgment affirmed.