LYNCH v. MILLER ET AL.

1. **Will:** DEVISE OF REAL ESTATE: LEX REI SITÆ. A will, to pass the title to land situated in this State, must have been executed and witnessed as required by its laws.

2. ———: PROBATE OF FOREIGN: ACTION TO SET ASIDE. An original action may be maintained in the District Court to set aside the probate of a foreign will on the ground that such will is invalid as an instrument of title in this State.

*Appeal from Kossuth District Court.*

THURSDAY, OCTOBER 7.

ACTION in chancery to set aside the probate of a will, and to declare the will void as to real property within this State. A demurrer to the answer of defendant was sustained, and defendant electing to stand upon her pleadings a decree was accordingly entered granting the relief prayed for by plaintiff. Defendant appeals.

*Parsons & Runnells* and *T. B. Snyder*, for appellant.

*Wishard & Read*, for appellee.

BECK, J.—I. The petition alleges that plaintiff and defendant are the only heirs at law of Alexander Miller, deceased, and that in 1878 a paper purporting to be the last will and

testament of Alexander Miller was admitted to probate in Stevens county, Texas, and a copy thereof filed in the Circuit Court of Kossuth county, and was there admitted to probate as a foreign will. Plaintiff alleges that the paper so admitted to probate was not the last will and testament of Alexander Miller, and was not so executed as to become valid under the laws of this State. The plaintiff prays that the probate of the will made by the Circuit Court of Kossuth county be set aside, and the will be declared void as to real property in this State.

The defendant and Barren S. Doty, who claims as a devisee under the alleged will, in separate answers to the petition, allege and show that the instrument admitted to probate was executed in Des Moines, that it is attested by only one witness but wholly written by the testator, who at the time was a resident of the State of Texas, where he subsequently died; that the will was duly admitted to probate in Texas, and under the laws of that State was sufficiently attested by one witness, for the reason that it was wholly written by the testator. A demurrer to these answers was sustained, and a decree entered accordingly. We understand from the abstract that defendant Margaret J. Miller alone appeals. The questions arising in the case we will now proceed to consider.

II. It is not claimed that the will in question was executed in compliance with and is valid under the laws of this State, nor is it denied that it is a valid instrument under the laws of Texas. The testator owned lands in this State; is the will sufficient to pass the title thereto? It is a well settled rule of the law that the *lex rei sitæ* controls the title and disposition of real estate. This law controls the forms and solemnities required in the execution and attestation of wills. Story's Conflict of Law, § § 474, 435, 431; *Loving v. Pairo*, 10 Iowa, 282. The books contain abundant authority in support of this proposition.

III. We are next required to consider the effect of the

1. WILL: devise of real estate : lex rei sitæ.

filing of the will in the Circuit Court of Kossuth county, and its admission to probate there. Code, § 2351, provides that wills admitted to probate in another State shall be admitted to probate in this State without notice upon filing a copy thereof, and a duly authenticated copy of the record of the court in which the probate was made.

*2. ——: probate of foreign: action to set aside.*

Section 2353 provides that: " Wills, foreign or domestic, shall not be carried into effect until admitted to probate as hereinbefore provided, and such probate shall be conclusive as to due execution thereof until set aside by an original or appellate proceeding." This section contemplates and provides that the probate of wills may be set aside by original proceedings. When may this be done? In case the will is procured by fraud and undue influence, the probate may be set aside in this manner. *Leighton v. Orr*, 44 Iowa, 679. Upon principle, and for the plainest reasons, the same thing may be done when the probation is made upon a void instrument. If the proceedings of probate are founded upon an instrument which the law of the State does not regard as a will, surely the probation may be set aside by an original proceeding on the ground of the invalidity of the instrument. The statute secures the same remedy in this case as in the case of a will procured by fraud or undue influence.

A foreign will may be admitted to probate in this State without notice to the parties interested, and without trial of issues involving its validity. Code, § 2351. Surely it cannot be claimed that the order of probate rendered in this manner may not be assailed on the ground that the instrument admitted to probate was not a will. The spirit of our laws will not permit an adjudication without notice to parties interested, and without a trial, to possess such force and effect. Doubtless the legislature intended to provide by section 2353 for proceedings to inquire into the validity of foreign wills admitted to probate in this State under section 2351.

The original action to set aside the probate of a will con-

templated in section 2353 may be brought in the District Court. *Leighton v. Orr*, 44 Iowa, 679.

The arguments upon which defendant's counsel rely to support their view of the case are based on grounds in conflict with our conclusions; they need not be specially noticed. The judgment of the Circuit Court is

AFFIRMED.