PATRICK CROLLY, APPELLANT, VS. HENRY CLARK AND SARAH ALSOP, APPELLEES.

1. A last will and testament devising lands, executed in New York, having only two attesting witnesses, is of no effect in this State.   As to real property in this State the estate of the deceased in such case is intestate.

2. Under the act of 1872 defining the interest the wife shall take in her husband's property, if the husband dies out of this State intestate, without children, the widow is the sole heir at law.

Appeal from the Circuit Court for Duval county. .

Henry Clark and Sarah Alsop, the appellees, filed a bill against Patrick Crolly, the appellant, alleging Clark to be the surviving partner of a partnership, which was composed of himself and William Alsop, deceased, and did business at Jacksonville, Florida, under the firm name of

Alsop & Clark, and that Sarah is the widow of said William, and that William died April 2d, 1883, in the City of New York, at his residence there ; and that complainants in March, 1884, agreed in writing with Crolly to sell to him for $3,000 a certain lot of land located in the City of Jacksonville, Duval county, State of Florida, they covenanting for themselves, their heirs and executors to make to Crolly a good and sufficient deed, with the usual covenants of warranty, conveying all the right, title, interest and estate which complainants " have, and which William Alsop had at the time of his death in and to the tract of land therein described on the payment " of said sum " as the price thereof," the said Crolly covenanting in said agreement to pay said sum on or before the first day of May on delivery to him by complainants of such deed ; that on and before May 1st, 1884, complainants, in compliance with the covenants of said agreement, did offer to deliver to said Crolly a deed of the premises in the usual form of deeds of general warranty, signed by said Henry Clark and the said Sarah Alsop in her individual right as widow and sole heir at law of said William, and demanded payment of said sum, which deed complainants have " ready to be produced as this court may direct;" Crolly declined to receive the deed as not being in compliance with the covenants of the said agreement, and refused to pay the price, and still refuses to accept the deed or pay the price. That said Clark resided in Jacksonville, and was and is a citizen of Florida, and William Alsop resided in the City of New York, and was at the time of his death a citizen of the State of New York, and at the time of his death the title to said land was vested in the said William Alsop and Henry Clark who were partners as aforesaid ; that Alsop left no children nor living heirs, and also left a will " signed and sealed by him in the presence of two witnesses in confor-

mity to the law of the State of New York" which " has
been duly admitted to probate in said State." The will de-
vises (with other properties) to said Sarah, the widow, "for
the *term of her natural life*" the testator's share " in the mill
and lands in Jacksonville, Duval county, State of Florida,
she to enjoy the income arising from said properties dur-
ing the term of and for her natural life." The remainder in
fee therein is devised to other persons, and the widow and
two other citizens of New York are named as executors.

The defendant (says the bill) " sometimes pretends ":

"First. That the will of William Alsop, being good and
valid under the laws of the State of New York, where said
will was made and probated, to pass real estate, is good and
valid as a devise of lands in Florida.

" Second. That if said will does not operate as a devise of
said land, that the complainant, Sarah Alsop, is not the
sole heir at law of her deceased husband as she claims to be,
the said William Alsop not having died *in this State*, but
that she has only a dower interest, or at her election a
child's part, or one-half of her husband's interest therein.

"Third. That the said deed, as tendered, does not convey
all the right, title, interest and estate which the said Wil-
liam Alsop had in said lands at the time of his death, and
is not therefore in compliance with the terms of said con-
tract.

"While your orators aver and charge that the said will,
having but two witnesses, is not operative as a devise of
lands in the State of Florida; that William Alsop having
died without children, his widow is his sole heir at law, as
to all lands in this State; that one-half undivided interest
of the said William Alsop, in and to the lands described
in said agreement, vests by descent in his widow, your ora-
trix, Sarah Alsop ; that the said Sarah Alsop has full right,
power and authority in law to sell and to convey all the

right, title, interest and estate in said lands which said
William Alsop at the time of his death had in and to the
same ; and that the deed tendered by your orators to the
defendant to which reference has been made conveys, or
when delivered to the defendant will convey all the right,
title, interest and estate which the said William Alsop at
the time of his death had in the said lands as well as the
estate and interest of your orators, Henry Clark and Sarah
Alsop, therein.

"Complainants submit to the court that they are willing
and prepared, and hereby offer on payment by the defend-
ant of the said sum of three thousand dollars to deliver to
the said defendant a deed in form as aforesaid conveying,
as your orators insist, all the right, title, interest and estate
which they have, and which the said William Alsop had
at the time of his death in and to the tract of land here-
tofore described."

The prayer of the bill is for a decree that the will of
William Alsop is not operative as a devise of lands in the
State of Florida, and that the lands in said State, of which
he died seised and possessed, including that involved in this
suit, "did pass by descent" to Sarah, as widow and sole
heir at law of said William, and that the said deed is a
sufficient compliance with the said contract, and for spe-
cific performance, &c.

Crolly demurred to the bill, on the ground that it
did not state a case entitling complainants to relief in a
court of equity.

The demurrer was overruled by Judge Baker of the 4th
Circuit and Crolly appealed.

*J. M. Barrs* for Appellant.

It is not denied that a will with two witnesses executed
in New York is effectual to pass real estate there. The

will in question was executed in New York, in compliance with the laws of the State of New York, by a citizen of New York who died in New York.

Did it not pass the real estate of the testator which was situated in Florida?

2d. As to the proper construction of the act of February 27, 1872, chapter 1878 : The first section, it seems to us, clearly limits its application to cases where a man dies in this State. To deny this is to force into the minds of the legislators something not by them expressed, and only by us guessed at or, perhaps, thought by us to be more reasonable.

The second section either limits its operation to cases where the death occurs in this State, as does the first section, and is intended to apply to cases where no election is made by the wife, as is now provided for in the first section ; or, (second,) applying to all cases no matter where the death occurs makes the rule different where the death occurs in this State from that where death occurs abroad ; or else, (third,) applying in all cases takes from the wife the right of election granted by the first section.

We think that the first suggestion, to wit: that the second section limits its operation to cases where the death occurs in this State, as does the first section, and is intended to apply to cases where no election is made by the wife, as provided for in the first section, is the only one which will permit the two sections to harmonize, and is the most reasonable construction to be given it.

Does not the first section control and limit the operation of the second and confine the benefits conferred to the wife of a man dying intestate in the State of Florida as does the first section ?

*Fleming & Daniel* for Appellees.

The questions involved in this case come up on the demurrer to the bill filed for specific performance in the court below.

The points to be decided are:

1st. Whether a will executed in the State of New York in the presence of two witnesses, which in that State is good and valid to pass real estate, is effectual as a devise of lands in the State of Florida.

2d. Whether the widow of a man who dies intestate out of the State of Florida and without children is the sole heir at law of her deceased husband, or whether the provision in section two of the law of February 27th, 1872, chapter 1878, enures only to the benefit of widows whose husbands died in the State of Florida.

As to the first point, the statement of the law of the subject establishes it.

The statute now of force on the subject of last wills and testaments was enacted by the Legislature on the 20th day of November, A. D. 1828.

The 1st section of that act provides among other things that every person of the age of twenty-one years being of sound mind shall have power by last will and testament in writing to devise and dispose of his or her lands, provided that such will be attested and subscribed in the presence of the said testator or testatrix by three or more witnesses, or else it shall be utterly void and of none effect. McClellan's Dig., sec. 1, p. 985.

There has been no statute passed since this law was enacted doing away with the imperative requirement of at least "three witnesses."

The law of the place where the land is situate governs in the matter of the forms and solemnities requisite to give effect to a will designed to operate upon the same. 3d Washburn on Real Property, 3d Edition, p. 430.

We have no law giving effect to a devise of lands if made according to the law of the place where the will is made, as is the case in Massachusetts and some other States.

The statute of February 24th, 1873, chapter 1939, entitled "An act providing for the acknowledgment of deeds and other conveyances of lands," providing that deeds to lands in this State executed in another State may be executed according to the laws of such other States, applies only to deeds; and it is presumed that that provision of section 1 of said law would be pronounced unconstitutional for the same reason that section 5 of the same law has been so pronounced by this court in Carr vs. Thomas, 18 Fla., 736.

The second point, as we have above intimated, involves the construction of section 2 of the act of February 27th, 1872, chapter 1878 of the Laws of Florida, found in McClellan's Digest, p. 476, where both sections of the act are put together in what is marked as section 5, on p. 476. We contend that the second section of the act should be so construed as to embrace all cases, whether the man die in this State or not.

The title of the act is general, being "An act defining the interest the wife shall take in the husband's property." The Constitution of Florida provides that the subject of each act shall be briefly expressed in the title. There being no limitation in the title the presumptions are that the Legislature did not intend to limit the law as enacted to the property of a man dying in this State intestate.

The first section of the act, it is true, reads: "If a man die in this State intestate, &c.," the wife shall take the whole estate or dower at her election, and if the Legislature had stopped here the courts would in all probability

confine the operation of the law to cases where the intestate died in this State.

The second section, however, has no such limitation but provides in general terms that where the husband dies intestate without children the wife shall be sole heir at law. It will be noted that there are larger privileges granted to the wife under the first section than under the second. By the first section the wife at her election may either take the whole estate (subject, of course, to the debts of her intestate husband) or dower (discharged, as is the law in our State, from her husband's debts).

The second section makes the wife the sole heir at law without any election of dower.

If it were intended by the Legislature to restrict the operation of the second section to estates where the intestate dies in this State without children, &c., it would be a mere repetition if not a contradiction of the first which makes the wife the sole heir at law of her intestate husband but gives her the election of dower. The second section makes the wife no more the sole heir at law than does the first, while the first section gives her the right to elect dower, which, if the second section is intended to be applied to the same class of cases, is not given to her by the last section.

The courts will so construe the two sections as to make them both operative and give meaning and effect to both, if such a construction can be put upon the statute.

Now assuming that the first section is limited to cases where a man dies in this State, &c., the wife has the privilege of taking the whole estate or dower at her election, while the second section being without limitation as to whether the man die in this State or not makes the wife a sole heir at law without the privilege of electing her dower.

This construction of the second section is fully within

the subject of the act as expressed in the title and we think harmonizes the two sections of the act and gives meaning and purpose to both.

An established rule of interpretation in considering a statute is, "that one part of a statute must be so construed by another that the whole, if possible, may stand." Potter's Dwarris on Statutes, p. 189.

THE CHIEF-JUSTICE delivered the opinion of the court.

Two questions are presented by the appeal in this case:

I. Whether a last will and testament executed out of this State, to wit: in the State of New York, only two witnesses attesting the execution thereof, is valid with respect to real estate in this State.

II. What is the effect of the act of the Legislature approved February 27, 1872, ch. 1878, in respect to the rights of the widow in the estate of her husband, he having died in another State, leaving no children, and, under the law of this State, intestate.

1. By the law of this State every last will and testament disposing of lands shall be signed by the testator or by some person under his express direction, and shall be attested and subscribed in the presence of the testator " by three or more witnesses, or else it shall be utterly void and of none effect." Act November 20, 1828, §51; McC. Dig., 986 ; Th. Dig., 192.

Probate of wills granted in other States are admitted to record in this State with the same effect as to the disposition of property as wills executed in this State ; *Provided*, The said wills made out of the State of Florida shall have conformed to the laws thereof in the form and manner of their execution. Act November 20, 1828, sec. 59.

These are the only acts of legislation bearing on the ques-

tion. A will to affect real property in this State, made out of the State, must conform to the laws of this State as to form and manner of its execution. It must be witnessed by three or more witnesses, subscribing their names thereto as attesting its execution, or it is " utterly void and of none effect." A will, therefore, executed in presence of only two attesting witnesses is of no effect in this State, and a person dying without having executed a will in the manner required by our law is, as to property in this State, *intestate.*

2. The act of 1872 is " An act defining the interest the wife shall take in her husband's property." The whole body of the act is as follows :

" Section 1. If a man dies in this State intestate, without children, who shall at the time of his death be possessed of real and personal property, or either, the wife shall take the whole estate, or dower, at her election.

" Sec. 2. Where the husband dies intestate without children the wife shall be sole heir at law."

The first section, in terms, refers to a husband's dying in this State ; the second refers to a husband's dying in or out of this State. The sections are complete, each in itself, as though they were contained in separate acts. The object of the act is expressed in its title, to define " the interest the wife shall take in her husband's property," not only where he dies in this State, but in case of his death anywhere intestate and childless.

Whether the second section making the wife the sole heir at law affects her right of dower as previously secured to her by the statute, in case she should prefer dower only, it is not necessary here to determine.

With regard to the facts stated in the bill, the result is that as to the real estate of Mr. Alsop, it is an intestate estate under the laws of this State. He having died in New

York leaving real property in Florida, and without children, his widow is his sole heir at law.

The decree overruling the demurrer to the bill is therefore affirmed.