MARIA ANNA VOGEL, RESPONDENT, *v.* MARIA LUCIA LEHRITTER AND OTHERS, RESPONDENTS, AND CHARLES LEHRITTER, APPELLANT.

*Will — execution thereof in Bavaria before a royal notary — acknowledgment before and certification by others, when insufficient — which of the papers constitute part of the will.*

Maria Anna Lehritter, a citizen of the State of New York, owned property in New York city when, in 1890, she died at Wuerzburg, Bavaria. She had resided in Wuerzburg for many years, and, in October, 1882, made a will there, prepared by a royal notary named Huth, which was signed by her at the end in the presence of Huth only, and placed it in an envelope, sealed with her seal containing her initials. This execution was in due legal form under the Bavarian law.

Immediately afterwards Huth wrote upon the envelope a certificate that, according to the oral declaration of the testatrix, the envelope contained her will. This he read aloud to her, and to two witnesses whom he summoned.

Immediately afterwards, and in the presence of the two witnesses, the testatrix handed the envelope to Huth, at the same time declaring that it contained her last will; that if not valid as a will she wished it to be carried out in any legal way possible, and that she revoked all former wills. Thereupon Huth and the witnesses signed the certificate on the envelope.

Immediately afterwards, and in the presence of all these persons, Huth drew up an instrument upon another piece of paper, stating that the testatrix had appeared before him and had requested him to receive her will; he then recited, in substance, the above proceedings, and concluded by stating that he had read the instrument to all the parties. All then signed it. This instrument was then folded, and the envelope containing the will was placed loosely between the leaves, and the notary deposited it among his records.

In an action of partition the plaintiff, an heir-at-law, alleged that the apparent devise created by this will was void, and that Maria Anna Lehritter died intestate as to the real property situated in the State of New York.

*Held,* that the *lex loci rei sitæ* controlled.

That the instrument first signed by the testatrix, being witnessed by Huth only, was not properly executed.

That subsequent declarations by the testatrix to witnesses, who, as the paper was sealed up, could not see her signature, were of no avail.

That the papers signed by the witnesses summoned by Huth did not constitute part of the will.

That the witnesses subsequently summoned by Huth were not summoned to attest the execution of the will, but its deposit after execution with the notary.

*Semble,* that the law does not require that the several pieces of paper constituting a will should be attached together.

Appeal by the defendant Charles Lehritter from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1892, confirming the report of a referee and directing a sale of certain premises.

Also notice that said defendant would move the General Term for a new trial on the exceptions filed on behalf of said defendant to the report of the referee, to whom the issues were referred to hear and determine the same.

*Robert E. Deyo,* for the defendant, appellant.

*Frederick W. Holls,* for the plaintiff, respondent.

*Richard M. Bruno,* for the defendants, respondents Hoor.

*Emile Schultze, Jr.,* for the defendants, respondents, M. L. Lehritter and O. A. Vogel.

Andrews, J.:

This action is brought for the partition and sale of certain real property situated in the city of New York. The complaint alleges that an apparent devise made by one Maria Anna Lehritter is void, and that said Maria died intestate as to said realty, and that it descended to her heirs at law and their grantees, the plaintiff and the defendants. The defendants, respondents, make substantially the same claim. The defendant, appellant, Charles Lehritter claims that certain paper writings constitute a valid will of the said real

property, and that they contained a valid devise thereof to him, and he seeks to establish such paper writings as a valid will of real property. The issues were referred to Hamilton Odell, Esq., who reported in favor of the plaintiff, and the defendants, respondents, and against the defendant, appellant, Charles Lehritter, sustaining the material allegations of the complaint, and refusing to establish the writings as a will of real property. An interlocutory judgment was entered pursuant to such report ; and this is a motion for a new trial on the case and exceptions, and an appeal from said interlocutory judgment taken by the defendant Charles Lehritter.

The opinion rendered by the referee was as follows : "This action is brought for the partition of certain real estate, known as numbers 307 and 309 West Thirty-eighth street, in the city of New York, which was owned by Maria Anna Lehritter at the time of her death, on the 25th of January, 1890. The plaintiff alleges that as to such real estate the said Maria Anna Lehritter died intestate, and she claims title to an undivided one-third interest therein as grantee of certain next of kin and heirs-at-law of the said deceased. The defendant Charles Lehritter denies the allegation of intestacy, and claims the entire premises under certain writings executed by the said Maria Anna Lehritter, at Wuerzburg, in Bavaria, on the 13th of October, 1882, which it is contended constitute a valid last will and testament. The sufficiency of such writings as a will of real property situated within this State is the question submitted for decision.

Mrs. Lehritter was a citizen of the State of New York, but for many years prior to her death had resided in Wuerzburg, where she died. It is a stipulated fact that on October 13, 1882, at her request, one Ulrich Huth, Royal Bavarian notary, "formulated in the German language a paper writing, which have been read to and understood by her, she thereupon subscribed her signature thereto at the end of the said paper writing in the presence of the said Huth only." Thereby she appointed the plaintiff, then Maria Anna Lehritter, her "sole and universal heir and legatee ; " but it was provided that the said legatee should be bound to pay certain specified legacies, and that the defendant, Charles Lehritter, should receive the two houses and lots in West Thirty-eighth street above referred to. The writing concluded with these words : " This is my free, well consid-

ered last will, which I have myself read and signed in execution. Wuerzburg, the thirteenth day of October, one thousand eight hundred and eighty-two. Maria Anna Lehritter." Immediately after the said writing was so subscribed by Mrs. Lehritter, it was placed by her in an envelope, which was sealed by her with her private seal, which bore the letters " M. A. L., New York." Thereupon the said Huth, in her presence, wrote upon the outside of the envelope as follows : " Testament of Mrs. Maria Anna Lehritter, widow of a private citizen here. The undersigned royal notary hereby certifies by his signature and that of the two witnesses who were called in, with the addition of his official seal, that, according to the oral declaration of Mrs. Maria Anna Lehritter, there is contained in this envelope her last will. Wuerzburg, the 13th of October, 1882." Immediately thereafter the words so written upon the envelope were read aloud to the said Maria Anna Lehritter and to two competent witnesses (Johann Georg Gutbrod and Franz Jaeger) called in by the said Huth, and in the presence of said witnesses the said envelope, containing the said paper writing, was handed to the said Huth by Mrs. Lehritter, she at the same time making this declaration : " In the envelope which I have just handed you there is contained my last will. In case this should not be legal as a last will and testament, I wish to have it carried into effect as a codicil, gift *causa mortis*, or in any legal way possible, and it is the result of my free will. At the same time I revoke all former testamentary documents and directions, especially the testament which was made before the present notary on the fourteenth day of August, one thousand eight hundred and seventy-five, and declare the same to be revoked and null and void." And then, at Mrs. Lehritter's request, and in her presence, and in the presence of each other, the said Huth, Gutbrod and Jaeger signed their names as witnesses on the said envelope at the end of the statement which had been written thereon by the said Huth after the said envelope had been sealed as above narrated, the said Huth accompanying his signature with his official seal. The said envelope contained nothing but the said paper writing formulated by Huth and subscribed by Mrs. Lehritter as her " free, well considered last will," and bore no indorsement or inscription except the statement written thereon by the said Huth and attested by the signatures of himself and the two other witnesses.

The said statement having been so attested, the following took place (I quote the entire ninth section of the stipulation):

"Immediately thereafter, and in the presence of all the persons before named, the said notary drew the following instrument:

"To-day, on the thirteenth day of October, one thousand eight hundred and eighty-two, there appeared before me, Ulrich Huth, Royal Bavarian Notary, with an office at Wuerzburg, in my office in this place, Mrs. Maria Anna Lehritter, born Boetzel, known to me with respect to her name, position and residence, and requested me to receive upon deposit her last will. After I had then procured two documentary witnesses in the persons of two men known to me with respect to their names, position and residence — 1. Johann Gutbrod, grinder. 2. Franz Jaeger, black-smith — both of this place, against whom there were, according to their own statements, no objections which made them incapable of being witnesses, and had also convinced myself by a suitable con-versation with Mrs. Maria Anna Lehritter of her intellectual capacity to dispose of her property. Mrs. Maria Anna Lehritter handed to me an envelope with the superscription: Testament of Mrs. Maria Anna Lehritter, widow of a private citizen here, sealed once with a private seal which bore the letters, M. A. L., New York; and thereupon declared orally: 'In the envelope which I have just handed you there is contained my last will. In case this should not be legal, I wish to have it carried into effect as a codicil, gift *causa mortis*, or in any legal way possible, and it is the result of my free will. At the same time I revoke all former testamentary documents and directions, especially the testament which was made before the present notary, on the fourteenth day of August, one thousand eight hundred and seventy-five, and declare the same to be revoked and null and void.'

Thereupon, I, the notary, through my signature with the above, the witnesses, and with the addition of my official seal upon the envelope, did certify that, according to the oral declaration of Maria Anna Lehritter, in this envelope there is contained her last will, and have received it among my official documents. About these proceedings, I, the notary, have drawn this present docu-ment, read it to Mrs. Maria Anna Lehritter and both the wit-nesses, in the uninterrupted presence of all of whom, with me,

the notary, all these proceedings had taken place, and have signed it in company with all.

"In testimony thereof,

"MARIA ANNA LEHRITTER.

"JOH. GEORGE GUTBROD,

"FRANZ JAEGER.

"[L. S.]  HUTH,

"*Royal Notary.*"

This instrument was written upon a separate piece of paper and was never, at any time, attached mechanically to the said sealed envelope; but the said paper was folded in the middle and then, in the presence of all the parties named, the said sealed envelope was, by the said Huth, placed loosely between the leaves of the folded paper and deposited by him "among his official documents in a place in the office of the said notary, kept for that purpose, where all the said papers remained undisturbed until after the death of the testatrix." After her death the said notary deposited a certified copy of the said instrument, together with the said sealed envelope containing the paper writing first above mentioned, with the Royal District Court, Number 1, in Wuerzburg, but the instrument itself he retained in his own possession.

It is admitted that the several acts above recited as having been performed on the thirteenth of October were, pursuant to and in compliance with the provisions of Bavarian law, and that a valid will for the passing of title to real estate situated in Bavaria was thereby made. This fact, however, is not important, except as an explanation of the rather novel proceedings of the royal notary, for it is a setted rule that to make a valid disposition of immovable property, by deed or by a last will and testament, the *lex loci rei sitæ* must govern, and the instrument must be executed in conformity to that law. (*Moultrie* v. *Hunt*, 23 N. Y., 410; *White* v. *Howard*, 46 id., 159.)

The formalities required in the execution of a will are prescribed by the statute, and they must be substantially complied with or the instrument has no validity. (*Lewis* v. *Lewis*, 11 N. Y., 220.) There must be a subscription by the testator at the end of the will, made in the presence of two attesting witnesses or acknowledged by

him to each of the witnesses to have been so made; a declaration by him, at the time of the subscription or the acknowledgment, that the instrument subscribed by him is his last will and testament; and the witnesses must sign, as such, at the end of the will at his request. There is no valid execution of a will unless the witnesses see the signature of the testator. His declaration that the instrument which he requests them to attest is his last will is not sufficient if his signature thereto is not exhibited. (*Matter of Mackay*, 110 N. Y., 611.) Such a declaration is not an acknowledgment of his subscription within the meaning of the statute. (*Mitchell* v. *Mitchell*, 16 Hun, 97; affirmed, 77 N. Y., 596.) Subscription and publication are distinct acts. If either is omitted, the omission is fatal to the validity of the instrument. (*Lewis* v. *Lewis, supra; Baskin* v. *Baskin*, 36 N. Y., 416.) And both the testator and the witnesses must sign at the end of the will. "Wherever the will ends there the signatures must be found; and one place cannot be the place for the purpose of subscribing by the testator and another place be the end for the purpose of signing by the witnesses." (*Matter of Hewitt*, 91 N. Y., 261.)

The learned counsel for the defendant Charles Lehritter concedes the correctness of these rules, and claims that they were all observed, and that all the requirements of the statute were complied with on the occasion of the execution of the several writings above referred to. His contention is that these several writings, having been executed at the same time and in furtherance of a declared purpose, and that purpose the testamentary disposition by Mrs. Lehritter of all her estate, real and personal, wherever situated, must be taken and construed together as constituting a single instrument; that the indorsement on the envelope and the final certificate of the notary (subscribed also by Mrs. Lehritter and the two witnesses), are to be regarded as continuations of the incomplete testamentary writing contained in the sealed envelope; that the end of the will, therefore, is the end of the notary's certificate; where the testatrix and the witnesses set their names in the presence of each other, the witnesses signing at Mrs. Lehritter's request, and after her oral declaration to them or in their presence, that the envelope delivered by her to the notary contained her will; and that the fact that the said certificate was not attached mechanically to the envelope is of no materiality,

the law not requiring the several pieces of paper on which a will may be written to be so attached.

The last proposition may be accepted as true. In *Ela* v. *Edwards* (16 Gray, 91), cited by the counsel, the court approved the rule laid down in *Bond* v. *Seawell* (3 Burr., 1773), and followed in other cases, where all that was required was that " all the separate sheets of paper must be in the room and in the presence of the attesting witnesses." It is doubtful whether, within that rule, a paper enclosed in a sealed envelope can properly be said to be in the presence of the witnesses, although the envelope be produced and exhibited to them. The point, however, is not material, for the controlling question is whether the certificate which the notary prepared and sealed, and which was subscribed by all the parties, and to which Gutbrod and Jaeger affixed their signatures at Mrs. Lehritter's request, is to be accepted as a part of the will which she executed that day, and by which she intended and attempted to dispose of her entire estate. A careful consideration of all the facts has convinced me that that question should be answered in the negative.

Three papers or writings are mentioned in the stipulation. The first is the instrument in which Mrs. Lehritter directed how her estate should be disposed of and distributed. She entitled it her " last will." In it she declared " this is my free, well considered, last will which I have myself read and signed in execution." It is the paper to which her signature was affixed in the presence of the notary only, and which she then enclosed in an envelope which she sealed with her private seal. When she delivered the envelope to Huth, in the presence of the witnesses, she said : " In the envelope which I have just handed you is contained my last will." By the indorsement written upon the envelope, the notary and the two witnesses certified that it contained the last will of Mrs. Lehritter " according to her oral declaration." This statement is repeated in the third writing; the separate instrument which was signed by all the parties and sealed by Huth with his notarial seal.

As I understand the facts, the first paper writing was completed when it was subscribed by Mrs. Lehritter. It was not afterwards changed in either of its provisions, nor was it re-subscribed or re-executed by her. The two witnesses who were called in by Huth were not summoned to attest the execution of a will by Mrs. Lehritter,

but to attest the deposit of her executed will in the office of the royal notary. This plainly appears from the third and final writing, which sets forth that, on the thirteenth of October, Mrs. Lehritter appeared before the notary, in his office in Wuerzburg, and requested him "to receive upon deposit her last will." It had been already drawn up and subscribed, and inclosed in a sealed envelope as before stated. Then Gutbrod and Jaeger were called in, the envelope was produced by Mrs. Lehritter and delivered unopened to the notary; the declaration was made by her that the envelope contained her will; the certificate written upon the envelope was signed and sealed, and the notary received the will "among his official documents." The final writing certifies to the formalities which attended the identification of the will, after execution and its deposit in a public office, and to nothing more. By no ingenuity of reasoning can it be converted into a component part of the will of which it speaks. It is an admitted fact that the several acts performed by the notary, as recited in the stipulation, were "in compliance with the laws of Bavaria in relation to the execution, custody, authentication and proof of wills and papers relating thereto." According to those laws a will may be inoperative and worthless unless identified and authenticated in a formal manner and deposited in a public office; but the writing by which it is authenticated is not incorporated into the will and made a part of it, nor is the execution and attestation of such a writing the execution and attestation of the will itself.

My conclusion is that Mrs. Lehritter left no will executed as our statute demands, and that as to the real estate in question she died intestate."

We are of the opinion that the conclusion reached by the referee was correct, and we do not see that anything can be added to his opinion. The facts were not in dispute, and they are fully and accurately set forth in such opinion. The rules of law as to the formalities to be observed in the execution of wills of real property in this State are correctly stated, with full citations of decisions of the court of last resort supporting the same. Such rules of law are then applied to the admitted facts, and the conclusion is reached, from which we can see no escape, that the paper writings in question do not constitute a valid will of real property situated in this State.

We are of the opinion that the judgment should be affirmed upon the opinion of the referee.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed.