MARTIN GRIFFIN, PLAINTIFF IN ERROR, VS. LUCY LACOURSE, ADMINISTRATRIX, DEFENDANT IN ERROR.

In proceedings to quash an execution on account of illegality in its issuance, under the act of February 15, 1834 (McClellan's Digest, page 524, §§ 19 and 20), the giving of the bond therein required is an essential prerequisite to the right to suspend the execution at all; and where it appears that an affidavit of illegality was made, but no bond was given, the overruling of a motion to quash the execution by the Circuit Judge will not be reversed for error, although it appear from the record that the execution was illegally issued, the defendant in execution not being in a situation to insist on the illegality in any other recognized way than that provided by the statute of 1834, *supra*.

Upon writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Randall & Foster* for Plaintiff in Error.

*Doggett & Buckman* for Defendant in Error.

MABRY, J.:

The defendant in error, as administratrix of the estate of Joseph Lacourse, deceased, obtained a judgment in the Duval Circuit Court on the 4th day of November, A. D. 1886, against the plaintiff in error for the sum of five hundred and forty-eight dollars and fifty cents, besides costs of suit. The judgment entry is. that "plaintiff. as administratrix of the estate

of Joseph Lacourse, deceased, have and recover of and from the defendant five hundred and forty-eight dollars and fifty cents, besides her costs in this behalf expended, now here taxed at one hundred and forty-six dollars and ninety-six cents."

On the 8th day of July, 1887, the following written agreement was filed in the office of the Clerk of the Circuit Court for Duval county, viz:

> Circuit Court, County of Duval, }
>    4th Circuit of Florida.        }

Lucy Lacourse, as Administratrix of the estate of Joseph Lacourse, deceased, Plaintiff, *vs.* Martin Griffin, Defendant.

The above named plaintiff having recovered on the 5th day of November, A. D. 1886, by the judgment of said Circuit Court the sum of five hundred and forty-eight and 50-100 dollars of the said defendant, said judgment having been rendered in her favor as administratrix of the estate of Joseph Lacourse, deceased, and the defendant having obtained a writ of error in said cause returnable to January term, A. D. 1888, of the Supreme Court of said State, now in consideration of his abandonment of said writ of error, the said plaintiff hereby remits the sum of forty-eight and 50-100 dollars of the amount of said judgment; and in consideration of the payment of the sum of five hundred dollars by said Martin Griffin, the receipt whereof said Lucy Lacourse, as administratrix of the estate of Joseph Lacourse, deceased, hereby acknowledges, she, as said administratrix, hereby forever releases and dis-

charges said Griffin, his heirs and personal representatives and assigns from all and singular all claim of law or in equity growing out of, or accounting to her in any and all capacity, and hereby authorizes the clerk of said court to enter satisfaction of said judgment on the records of said court; and said Lucy Lacourse hereby assumes all the costs of said suit from its commencement to date, and hereby binds herself, her heirs and assigns and personal representatives to hold said Martin Griffin harmless from any and all garnishments served upon him since January 1, A. D. 1882, in any and all suits against said Joseph Lacourse, as administratrix as aforesaid, since his death.

Witness my hand and seal this the 6th day of July, A. D. 1887.

LUCY LACOURSE, [Seal.]<br>LUCY LACOURSE,

Administratrix of the estate of Joseph Lacourse, deceased, [Seal.]

Witnesses:

   H. M. Williams.

   O. J. H. Summers.

An execution in the usual form was issued on the 14th day of September, 1887, upon the judgment rendered against Griffin and placed in the hands of the sheriff of Duval county. The clerk of the Circuit Court endorsed upon the execution the following:

"The plaintiff on the 6th day of July, A. D. 1887, acknowledged the receipt of five hundred and forty-

eight dollars and fifty cents on the within judgment, as appears by her receipt on file of that date.

T. E. BUCKMAN, Clerk."

On the 20th day of December, 1887, a motion was made to quash the execution on account of illegality of its issuance for the reasons set forth in affidavit filed. The affidavit referred to is as follows: "An execution having issued out of said court against the above named defendant for one hundred and forty-six dollars and ninety-six cents, being the balance due upon the judgment in said cause, and said amount being for costs therein, George U. Walker being sworn, says that he is one of the attorneys for the defendant; that said execution was issued illegally, in this, that after the rendition of said judgment against the said defendant, he sued out a writ of error to the next term of the Supreme Court of the State of Florida, and having given the bond required by the court, obtained an order signed by the Hon. James M. Baker, Judge, superseding said judgment and arresting all action thereunder until after the said cause should be reversed by the said Supreme Court; that after the giving of said order by said Judge, and the same had been filed in said court, the above named plaintiff agreed with the said defendant to accept in full satisfaction of said judgment five hundred dollars, the same to include all costs attending the same from the date of the commencement of the said suit to the date of said agreement, inclusive; and further, in consideration of the forbearance of the defendant to prosecute

his said writ of error, to accept said five hundred dollars in full settlement and satisfaction to not only satisfy said judgment, but to pay all costs. And affiant says that the amount above named is, as appears by said execution, the full sum of said costs. Affiant refers to said agreement, which is in writing executed by said plaintiff and filed with the clerk of said court in said cause. That no part of said execution is due by the defendant." The foregoing was sworn to on the 15th day of September, 1887.

The motion to quash the execution coming on to be heard, upon consideration, was overruled, and the decision of the court on this motion is the matter now before us.

The statute provides that "in all cases where an execution shall issue illegally, and the person against whom such execution is directed, his agent or attorney, shall make oath thereof, and shall state in the affidavit the cause of such illegality, the sheriff, or other officer, shall return the same to the next term of the court from which the same issued, and the court shall determine thereon at such time; *Provided*, That the party making the affidavit be required to state whether any part of said execution be due; and where the party so making the affidavit shall admit a part of the execution to be legally due, the amount so acknowledged shall be paid before the affidavit is received; and provided, also, that the person claiming the benefit of this section shall execute to the sheriff, or other

officer levying said execution, a bond with sufficient security, in at least double the amount of said execution, or that part thereof suspended by the affidavit.'' McClellan's Digest, page 524, Sections 19, 20; Sections 2 and 3, Act of February 15, 1834. The statute provides that upon the return of the execution the court shall determine thereon. This contemplates, of course, a hearing upon the matters set up in the affidavit as grounds of illegality in the issuance of the execution. Mathews vs. Hillyer, 17 Fla., 498.

So far as we are informed by the record before us, the court's action was based upon the motion and affidavit to quash the execution and the record of the proceedings in the original proceeding in the Circuit Court.

Counsel for plaintiff in error contend that by the written stipulation referred to in the affidavit, signed, sealed and filed of record in the court below, she satisfied and fully discharged the judgment before the execution in question emanated from it, and as a consequence, the execution was illegally issued. If the judgment was wholly satisfied before the execution issued, it must be conceded that it was illegally issued. It is denied, however, that the execution was thereby wholly satisfied, and it is insisted that the plaintiff in the judgment has not, and can not, discharge that part of the execution which is for costs, as that belongs to the officers of the court. The execution was credited with the full amount due on it except the amount recovered for costs, and this, it is claimed, the plaintiff

in the judgment has not, and can not, discharge without a payment of the costs to the parties entitled to receive the same, or some officer authorized to act for them.    In Mitchell vs. Duncan, 7 Fla., 13, it was said in construing the statute under which the present proceeding is had, that "the proceeding then, under this statute, is in the nature of an application for an injunction in chancery.    The complainant is required to swear to the facts and merits of his case, and is subjected to the further equity of declaring what sum is really due, and relief is only granted to him upon condition that he secure the adverse party for the amount suspended by bond and sureties.    And while these sureties afford the plaintiff in execution a new and further security for his debt which his judgment and execution did not supply, a summary remedy is given him, whereby he obtains execution against them at once, provided the affidavit be set aside."    Again in the same opinion it is said : "the clear and manifest intention of the act was to impose upon the defendant in execution, seeking the benefit of its provisions, the necessity of making oath that some portion of the recovery had in the case was not due, and to suspend the execution for that portion only upon the defendant filing his bond in double the amount so sworn to."

There is not only no bond in the record before us, but nothing to indicate that the defendant below ever executed a bond as required by the statute.    The order of the court appealed from is, that the motion to quash

the execution be overruled and denied, and there is no judgment awarding execution against the party making the affidavit of illegality and his sureties on the bond, as it was the duty of the court to do, if any bond had been given. We can not hold that the refusal of the court to quash an execution on the ground of illegality in its issuance is error, where there is a failure to show that a defendant has complied with those conditions which are prerequisites to his right to suspend the execution at all. The present case is in this condition, and on the record before us we can not say that the motion was improperly denied because of the failure to show a compliance with the statute in executing the required bond. The presumption is in favor of the correctness of the decision of the Circuit Court, and if there is a clear and sufficient ground in the record to sustain the ruling of the court, it will suffice. Even where a decision is placed upon erroneous grounds, yet if the decision is correct, it will not be reversed.

Objection having been made here that no bond was executed as required by the statute, and the record not only failing to show affirmatively this fact, but indicating by the judgment entered that there was no bond, and plaintiff in error not being in a situation as disclosed by the record to attack the execution in any other recognized way than that of quashing it for illegality as provided by the statute, *supra*, the order appealed from must be affirmed. However, as it is apparent to us that the judgment obtained by defendant

Martin Griffin v. Lucy Lacourse, Adm'x.—Opinion of Court.

in error was satisfied *in toto* before the issuance of the execution, and that further proceedings may arise in the Circuit Court in reference thereto, at least under the act of 1844, McClellan's Digest, page 524, Section 21, it is deemed not improper for us to say so now. The effect of the compromise and settlement as evidenced by the writing hereinbefore set out was to satisfy and discharge the judgement obtained by defendant in error. It was her judgment, obtained in her name, and she had a right to satisfy it, and this she has done. Freeman on Judgments (4th edition), Section 463.

There is filed here a written application for leave to make the officers of the Circuit Court parties to the proceedings in this court. No motion has been presented asking action on this application, but it could not be sustained if made. There is no authority for such a proceeding here. Sloan vs. Sloan, 21 Fla., 589.

The judgment of the court below is affirmed. Ordered accordingly.