(38 South. 174.)

No. 15,104.

Succession of HASLING et al. HASLING et al. v. MARTIN. SAME v. PALATINE INS. CO. OF MANCHESTER, ENGLAND.*

(Jan. 16, 1905.)

WILL—CONSTRUCTION—DEVISE OF LAND.

The validity of a will made in Louisiana by a citizen of Louisiana, bequeathing real estate situated in Mississippi, must be tested by the laws of Mississippi.

(Syllabus by the Court.)

───────────

*Rehearing denied February 27, 1905.

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by L. A. Hasling and others against Francis Martin, and by the succession of L. A. Hasling and others against the Palatine Insurance Company of Manchester, England. The cases were consolidated. Judgment for defendants, and plaintiffs appeal. Reversed.

Theodore Cotonio, for appellants. Harry Hinckley Hall, for appellee.

PROVOSTY, J. This suit is brought by A. L. Hasling in his own name, and as administrator of the succession of his father, A. L. Hasling, to recover cash and movables alleged to belong to the succession of A. L. Hasling, and to exceed $5,000 in value, but not otherwise described, of which it is said the defendant Francis Martin took possession at the death of A. L. Hasling, who was his father-in-law, and died in his house; also to annul, as having been made without consideration, certain transfers of real estate by the deceased to the defendant, and to recover the rents thereof; also to annul a will of the deceased in favor of the defendant, bequeathing to him certain real estate situated in the state of Mississippi, and to recover said real estate and the rents thereof. The improvements on this Mississippi property having been destroyed by fire, the insurance money is claimed in place of the insured property. The theory of the suit is that the deceased passed all his property to the defendant, to the detriment of his forced heirs.

While the evidence raises a suspicion that there may have been some property thus disposed of to the detriment of the heirs, it is very far from satisfying the judicial mind that there was. The lower court gave judgment for six notes of $100 each, which Martin had executed in favor of the deceased, and which were left by the deceased with a notary, in an envelope addressed to Martin, to be handed to him. We do not know

whether or not this was intended to be a donation of the notes to Martin, but, for a certainty, it was a surrender of them to him; and such surrender of notes, taken in connection with the positive and uncontradicted testimony of the maker that they were paid, makes proof of their payment.

The will in question is not made in the form prescribed by the laws of this state, but is valid under the laws of the state of Mississippi, where the property is situated, and it has been duly probated there. It was made here, and the deceased, at the time of making it, and up to the time of his death, was domiciled here. The question is, therefore, whether a will made in Louisiana, by a citizen of Louisiana, disposing of real estate situated in Mississippi, should be governed, as to form, by the law of the domicile, or by the law of the situs.

That exact question was considered and decided in the case of Succession of Earhart, 50 La. Ann. 524, 23 South. 476. The court there said:

"The validity of such will, and its effects as conferring title to lands in another state, were questions for the courts of that state, and beyond the jurisdictional power of our courts."

The following authorities are absolutely conclusive on this point:

"A will of fixed or immovable property is generally governed by the lex loci rei sitæ; and hence the place where such a will happens to be made and the language in which it is written are wholly unimportant, as affecting both its construction and the ceremonial of ·its execution. The locality of the devised property is alone to be considered." Jarman on Wills, p. 1.

"All questions as to the capacity of the testator, his power to make a disposition of his property, and what forms and solemnities are required in the execution of his will, as far as this class of property is concerned, must be governed by the law of place where such property is situated." Jarman on Wills, p. 1; Story. Conflict of Laws, par. 474; 4 Kent, 513; 2 Kent, 429; Flood on Wills, 243; 1 Redfield on Wills, 397; Williams v. Saunders, 5 Cold. (Tenn.) 60; Calloway v. Doe, 1 Blackf. 372; Robertson v. Barbour, 6 T. B. Mon. 523; Crofton v. Isley, 4 Greenl. 134; Potter v. Titcomb, 22 Me. 300; Bailey v. Bailey, 8 Ohio, 239; Kerr v. Moon, 9 Wheat. 565, 6 L. Ed. 161; Darby's Lessee v. Mayer, 10 Wheat. 465, 6 L. Ed. 367;

Morrison v. Campbell, 2 Rand. 209; United States v. Crosby, 7 Cranch, U. S. 115, 3 L. Ed. 287; Varner v. Bevil, 17 Ala. 286; Cornelison v. Browning, 10 B. Mon. 425; Richards v. Miller, 62 Ill. 417; Norris v. Harris, 15 Cal. 226.

"It is an established principle of law, everywhere recognized, arising from the necessity of the case. that the disposition of immovable property, whether by deed, descent, or any other mode, is exclusively subject to the government within whose jurisdiction the property is situated. McCormick v. Sullivant, 10 Wheat. 192, 202, 6 L. Ed. 300; Beauregard v. City of New Orleans, 18 How. 497, 15 L. Ed. 469; Suydam v. Williamson, 24 How. 427, 16 L. Ed. 742; Christian Union v. Yount, 101 U. S. 352, 25 L. Ed. 888; United States v. Fox, 94 U. S. 315, 320, 24 L. Ed. 192." Arndt v. Griggs, 134 U. S. 321, 10 Sup. Ct. 557, 33 L. Ed. 918.

"It being a well-settled doctrine that the title to real or immovable property can be transferred only in accordance with the lex situs, it is generally held that the formal requisitions attending the execution of a will of land or other immovable property, and what constitutes a sufficient compliance with such formalities, are matters properly and solely determined by the law of the place where the property is situated, and that the validity of the will, so far as it depends upon this execution, is governed by the same law." A. & E. E. of Law (2d Ed.) vol. 22, p. 1365; 2 De G., M. & G. 705; L. R. 3 P. & D. 45; Ross v. Ross, 25 Can. Sup. Ct. Rep. 307; Robertson v. Pickrell, 109 U. S. 608, 3 Sup. Ct. 407, 27 L. Ed. 1049; Varner v. Bevil, 17 Ala. 286; Jones v. Williams, 31 Ark. 175; Crolly v. Clark, 20 Fla. 849; Knight v. Wheedon, 104 Ga. 309, 30 S. E. 794; Lynch v. Miller, 54 Iowa, 516, 6 N. W. 740; Alexander v. Waller, 6 Bush (Ky.) 330; Potter v. Titcomb, 22 Me. 300; Sturdivant v. Neill, 27 Miss. 157; Vogel v. Lehritter, 64 Hun, 308, 18 N. Y. Supp. 923; Id., 139 N. Y. 223, 34 N. E. 914; In re Pepper's Estate, 148 Pa. 5, 23 Atl. 1039.

A resident of Virginia, by a will under the laws of that state, disposed of realty in the District of Columbia ·by the law of Virginia· then in force. The court in Virginia was authorized to take probate of wills, and the will was there probated. And when this probate was offered to pass the real estate in the District of Columbia, the United States Supreme Court said:

"It matters not how effective the instrument may be to pass real property in Virginia; it must be executed in the manner prescribed by the law in force in the District, to pass real property situated there, and its validity must be established in the manner required by the law.

"It is familiar doctrine that the law of the place governs as to the formalities necessary to

the transfer of real property, whether testa-mentary or inter vivos."

Robertson v. Pickrell, 109 U. S. 608, 3 Sup. Ct. 407, 27 L. Ed. 1049.

There is nothing in the case of Succession of Gaines, 45 La. Ann. 1246, 14 South. 233, opposed to the foregoing. The question in that case was not the one we are here concerned with, but was as to whether a will informal under our law, but · admitted to probate in another state, was entitled to recognition here. The court held that it was.

The right to the insurance money, of course, follows the title to the· property.

The judgment appealed from is therefore set aside, and the suit dismissed, at plaintiff's costs.